**Eladio MARTINEZ CHAVEZ, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1085 S 426.

Supreme Court of Indiana.

May 30, 1989.

Susan K. Carpenter, Public Defender, M.E. Tuke, Hector L. Flores, Deputy Public Defenders, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

SHEPARD, Chief Justice.

In hearing Martinez Chavez' direct appeal, this Court affirmed his conviction and set aside the penalty of death, remanding for imposition of a sentence of imprisonment. *Martinez Chavez v. State* (1989), Ind., 534 N.E.2d 731.

The State has petitioned for rehearing, urging adoption of a different standard for those instances in which the jury has recommended against death. This Court described the standard by which the jury's recommendation would be accorded a presumption of correctness as follows:

> In order to sentence a defendant to death after the jury has recommended against death, the facts justifying a death sentence should be so clear and convincing that virtually no reasonable person could disagree that death was appropriate in light of the offender and his crime.

*Id.* at 734. This formulation was derived from the standard adopted by the Florida Supreme Court in *Tedder v. State*, 322 So.2d 908 (Fla.1975).

The State urges that we adopt instead what it says is a different standard, also from Florida, used in *Barfield v. State*, 402 So.2d 377 (Fla.1981), as follows:

> When a trial judge chooses to override the jury and impose the death sentence, the justification must be clear and convincing and, under the circumstances, the jury's recommendation unreasonable.

*Id.* at 382.

We see the standards in *Tedder* and *Barfield* as being practically indistinguishable. Obviously, the Florida Supreme Court saw them as the same for purposes of precedent, inasmuch as that court cited *Tedder* as direct authority for the *Barfield* language. *Id.*

While the State suggests, as did Justice Pivarnik in his dissent in this case, that the standard calls upon the trial judge to assess whether the members of the jury are reasonable people or not, the proper focus is in fact on the recommendation which the members of the jury have made. A trial judge can proceed to impose a penalty of death only when the charged aggravating circumstances have been proven beyond a reasonable doubt and when all the facts available to the court point so clearly to the imposition of the death penalty that the jury's recommendation is unreasonable.

As we are persuaded that the facts in this case do not meet this standard, we deny the State's petition for rehearing.

DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., would grant rehearing.