**Kenneth Albert ROHM, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 20S00–8811–CR–929.

Supreme Court of Indiana.

Sept. 5, 1990.

R. Brent Zook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Lisa A. McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Kenneth A. Rohm, was convicted of rape following a jury trial. In this direct appeal he raises two issues: 1) exclusion of evidence, and 2) sufficiency of evidence. We affirm.

The defendant was charged following an incident on February 9, 1987, in which he had sexual intercourse with J.H., an adult female and close friend of the defendant's wife. J.H. testified that the defendant, uninvited, came to her home at approximately 7:30 a.m. They engaged in conversation "about his marital problems and some of the things that I was going through." Record, pp. 118–19. When the defendant then kissed her and began to feel her breast, J.H. protested and tried to push him away, but he pulled her to the floor and continued his sexual advances. Using her fist and striking the defendant with "all my might", J.H. tried to scoot away and yelled "no, don't; don't do this." Record, p. 120. The defendant then straddled her, raised his hand back, and said "if you wake the kids up, I'll beat you to death." Record, p. 121. At this point, J.H. stopped fighting but, crying, continued to ask him to stop. The defendant proceeded to engage in intercourse. In his testimony regarding the incident, the defendant denied using force or making any threats. He claimed that J.H. did not resist but consented by spreading her legs. The defendant also testified that two days before the incident he came home from work to find his wife and J.H. engaged in conversation, and that J.H. then spoke to the defendant about her marital problems, stating that she "practically had to rape her husband in order to get any affection from him." Record, p. 227.

### 1. Exclusion of Evidence

■ The defendant first contends the trial court erred by refusing to allow testimony of his wife and of J.H. regarding certain statements of J.H.

During the defense cross-examination of J.H., she was asked regarding her visit with the defendant's wife at the latter's home on the day before J.H.'s birthday. When asked whether she and Mrs. Rohm talked about birthday plans, J.H. answered that they talked about "the women going out." When the defense asked, "did you talk about what you'd do when you'd go out," the State requested a bench conference which resulted in a discussion held off the record. Record, p. 133. With respect

to this cross-examination of J.H., the record discloses no ruling upon which error may be predicated.

Later, during the presentation of the defendant's case, his wife was asked on direct examination regarding a conversation at her home with J.H. The State again sought a bench conference. After the jury was excused, the State requested that Mrs. Rohm be prohibited from mentioning J.H.'s "prior sexual conduct or suggestion of sexual conduct with any other person." Record, p. 190.

After determining that counsel for the parties disagreed regarding the applicability of the Rape Shield Act, Ind.Code § 35–37–4–4, to the contested testimony, with the defense arguing that the act prohibits only evidence of a victim's *past* sexual conduct, not future intentions, the trial court stated:

> "Well, sexual conduct doesn't necessarily have to mean jumping in bed with a member of the opposite sex and letting nature take its course. It might include plans for a tryst. That would be sexual conduct. The evidence will not be admitted."

Record, p. 193. Following this ruling *in limine,* the defendant presented an offer to prove, arguing that the conversation took place in the presence of the defendant and that it was relevant to show the defendant's state of mind from then until the time of the offense.

Out of the presence of the jury, the trial court heard the following testimony by Mrs. Rohm regarding a discussion between her and J.H. in the Rohm kitchen, with the defendant in view of both of the women, "probably about 20 feet away in my living room."

> MRS. ROHM: [J.H.] was going to have a birthday soon, and my husband was gone between 11:00 at night and approximately 6:00 the next evening, and her birthday ...
>
> THE COURT: He was going to be gone, you say?
>
> MRS. ROHM: Well, he always was because he worked two jobs.
>
> THE COURT: I see.

> MRS. ROHM.... and for her birthday she wanted to get a boyfriend, which I don't know ... I probably can't say the name ... and for myself to get a boyfriend and since Ken wouldn't be home and my home was free that we could use my home to act as a motel, actually.
>
> THE COURT: I understand. All right. What more?
>
> MRS. ROHM. Well, I told her I wasn't going to do it, because if Kenny decided he didn't want to work that night, for one, you know, he'd come home and all these people in my home, and I just plain wasn't interested.
>
> Q. Was Ken in a position to hear that part of the discussion proposing a party at your house?
>
> MRS. ROHM. I'm not exactly sure if he heard it or not, but he did have an upsetting look on his face and he asked, you know, what we were talking about, you know, if he could be part of the conversation.

Record, pp. 196–97. The trial judge, noting the absence of evidence that the defendant had any knowledge of this conversation, then ruled that the testimony would be excluded. We also observe that this "birthday wish" clearly did not contemplate sexual activity between J.H. and the defendant.

The defendant contends that the excluded evidence does not violate the Rape Shield Act because it is not "past sexual conduct" of the victim. He also argues that the evidence is relevant because "it indicates the state of mind of the defendant and thus bears upon the issue of consent." Appellant's Brief, p. 13.

The relevant portion of the Rape Shield Act, Ind.Code § 35–37–4–4, provides as follows:

> (a) in a prosecution for a sex crime as defined in I.C. 35–42–4:
>
> > (1) evidence of the victim's past sexual conduct;
> >
> > (2) evidence of the past sexual conduct of a witness other than the accused;
> >
> > (3) opinion evidence of the victim's past sexual conduct;

(4) opinion evidence of the past sexual conduct of a witness other than the accused;

(5) reputation evidence of the victim's past sexual conduct;  and

(6) reputation evidence of the past sexual conduct of a witness other than the accused;

may not be admitted, nor may reference be made to this evidence in the presence of the jury, except as provided in this chapter.

(b) Notwithstanding subsection (a), evidence:

(1) of the victim's or a witness's past sexual conduct with the defendant;

(2) which in a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded;  or

(3) that the victim's pregnancy at the time of trial was not caused by the defendant;

may be introduced if the judge finds, under the procedure provided in subsection (c) of this section, that it is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

 While we are favorably inclined toward the defendant's contention that the Rape Shield Act does not apply to the evidence at issue, this is not dispositive. A trial court ruling excluding evidence will generally be upheld if there is any basis upon which the ruling is correct. *Santini v. Consolidated Rail Corp.* (1987), Ind. App., 505 N.E.2d 832; *Marriage of Herman* (1984), Ind.App., 460 N.E.2d 1021. The offer of proof did not establish that the defendant overheard J.H.'s description of the "birthday wish." Furthermore, the wish was for a meeting with a particular man and did not involve the defendant's participation. The testimony was irrelevant and properly excluded.

### 2. *Sufficiency of Evidence*

While acknowledging that a rape conviction may rest solely on the uncorroborated testimony of the victim, the defendant essentially asks this Court to reweigh the evidence and to reverse upon a finding of inadequate evidence.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, we find that a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Applying this standard, we must defer to the jury's assessment of weight and credibility of evidence, and we find that the evidence was sufficient to permit a jury determination of guilt.

Judgment of the trial court is affirmed.

DeBRULER, GIVAN and PIVARNIK, JJ., concur.

SHEPARD, C.J., concurs in result.