**Jack E. WRIGHT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 09A02–9001–CR–00049.[1]**

Court of Appeals of Indiana, Third District.

June 6, 1991.

---

**1.** This case was assigned to this office on May 2, 1991.

Monica Foster, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Jack Wright appeals his conviction for robbery,[2] a Class B felony. He raises the following two issues for our review, which we restate as:

I. Whether the unavailability of exhibits from Wright's trial effectively denies his right to appeal.

II. Whether the trial court erred in refusing to admit an exhibit tendered by the defendant.

On July 3, 1987, two men brandishing handguns entered the First National Bank of Logansport at Twelve Mile, Indiana and announced a holdup. One man, later identified as Wright, went to the manager's office and ordered the manager and two customers to lay on the floor. He then demanded that the manager open a safe, but relented when the manager failed to operate the safe's combination on her first attempt. After emptying the cash from the teller drawers, the two men left the bank and ran to a waiting pick-up truck, driven by a third accomplice. Acting on a description of the truck and its occupants, authorities apprehended Wright and his confederates a short time later. Police recovered all the money taken from the bank, as well as the clothing and weapons used in the robbery.

At trial, the court admitted over one hundred exhibits tendered by the State to prove its case and to negate Wright's defense of intoxication. After Wright initiated this appeal, however, appellate counsel was able to secure only eleven of the exhibits because the remainder had been forwarded to the Federal District Court for the Northern District of Indiana for use in a criminal action under the appellation "United States v. Wright, et al.,"[3] currently on appeal to the Seventh Circuit.

---

2. IND.CODE 35–42–5–1 (1988).

3. Cause number SCR88–42. Although counsel has not divulged the nature of the proceeding in federal court, it is probably relevant to the fact that Wright and at least one of his accomplices were U.S. servicemen at the time of the robbery.

Wright now argues that his current attorney, who did not represent him at trial, cannot offer effective assistance on appeal because the lack of exhibits from trial made it difficult, if not impossible, to prepare an adequate brief on the merits. For example, the State submitted photographs from the bank's security cameras to prove that Wright was sober enough to nimbly jump over a rail. Wright contends that those photographs could tend to show that he was actually holding on to the rail for support. He also notes that his trial counsel strenuously objected to the admission of many of the exhibits. His appellate counsel insists that, as a result of being denied access to the exhibits, she is unable to even adequately frame the issues and supporting arguments thereof.

■ The State correctly points out that the appellant bears the burden of presenting to the reviewing court a record that is complete with respect to the issues raised on appeal. *Clark v. State* (1990), Ind., 562 N.E.2d 11. Failure to do so can result in waiver of the issue on appeal. *Id.* at 13. Moreover, as the State contends, counsel did not comply with the rule of appellate procedure allowing reconstruction of the record. This rule states in part:

> If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence of proceedings from the best available means, including his recollection.

Ind.Rules of Procedure, Appellate Rule 7.2(A)(3)(c).

■ We do not agree that this rule imposes a mandatory requirement on a party to prepare a statement in lieu of a transcript. The permissive nature of the rule is indicated by the use of the language "a party *may* prepare a statement...." *Id.* *See also Davis v. Davis* (1980), Ind.App., 413 N.E.2d 993, *reh. denied.* Furthermore, the specific documents, photographs, and particular exhibits relied upon by the State to prosecute Wright would not be easily reconstructed.

■ The affidavits of Wright's attorney indicate that she has been diligent in her attempts to retrieve the remaining exhibits. Therefore, we will exercise our discretion to suspend consideration of this appeal and correct the omission of the exhibits under A.R. 7.2(C), which states in part:

> If anything material to either party is omitted from the record or is misstated therein, the trial court shall
>
> > (1) either before or after the record is transmitted to the court on appeal, or
> >
> > (2) upon the order of the court of appeal pursuant to the motion of a party or on its own initiative
>
> correct the omission or misstatement and if necessary certify and transmit a supplemental record.

> \* \* \* \* \* \*

> Any court on appeal shall have full power to compel any inferior court, board, or officer exercising judicial functions, or other person, to certify to such court a *full and complete transcript* of the records and proceedings of any such tribunal, board, officer or person, *and the production of any paper*, whenever it shall be necessary for the proper determination of any causes or proceeding pending before the court of appeal.

A.R. 7.2(C) (emphasis added).

We hereby suspend consideration of this appeal. We retain jurisdiction, and will resume consideration of the appeal once counsel for appellant has retrieved those exhibits capable of being located. Exhibits that cannot then be located will be reconstructed as may be practicable pursuant to A.R. 7.2(A)(3)(c). An order will follow to that effect.

Because we suspend consideration of this appeal, we decline to address Wright's second issue until the exhibits from trial are retrieved.

SHARPNACK, J., concurs.

SHIELDS, J., concurs and files separate opinion.

SHIELDS, Judge, concurring.

I concur in the majority opinion. However, while the language of Ind. Appellate Rule 7.2(A)(3)(c) is permissive, as a general rule the failure to use the rule results in waiver of any issue dependent upon the transcript of the evidence and proceedings at trial. Therefore, I separately concur to emphasize the permissive language of the rule can be misleading. *See e.g. General Collections, Inc. v. Ochoa* (1989), Ind.App., 546 N.E.2d 113.