Jack E. WRIGHT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 09A02–9001–CR–00049.

Court of Appeals of Indiana,
Third District.

May 26, 1992.

Monica Foster, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

In this case we resume consideration of Jack Wright's appeal from his conviction for robbery,[1] a Class B felony. This court suspended consideration of Wright's appeal on June 6, 1991, because appellate counsel could not locate numerous exhibits from Wright's trial. *See Wright v. State* (1991), Ind.App., 572 N.E.2d 533. We retained jurisdiction pending the retrieval of the trial exhibits or reconstruction of the record, pursuant to Ind. Appellate Rule 7.2(A)(3)(c). The missing exhibits were ultimately located in a file labeled with the name of Wright's co-defendant. We now address the following issues, including one raised prior to the suspension of the appeal:

I. Whether Wright's due process rights and the right to a speedy appeal have been denied by the delay in providing him with a complete record.

II. Whether this court should consider the supplemental record containing the exhibits in question.

1. IND.CODE 35-42-5-1 (1988).

III. Whether the trial court erred in refusing to admit an exhibit tendered by Wright.

Affirmed.

The underlying facts of this case were set out in our earlier opinion, the relevant portion of which we repeat here:

On July 3, 1987, two men brandishing handguns entered the First National Bank of Logansport at Twelve Mile, Indiana and announced a holdup. One man, later identified as Wright, went to the manager's office and ordered the manager and two customers to lay on the floor. He then demanded that the manager open a safe, but relented when the manager failed to operate the safe's combination on her first attempt. After emptying the cash from the teller drawers, the two men left the bank and ran to a waiting pick-up truck, driven by a third accomplice. Acting on a description of the truck and its occupants, authorities apprehended Wright and his confederates a short time later. Police recovered all the money taken from the bank, as well as the clothing and weapons used in the robbery.

572 N.E.2d at 534.

I.

Right To Speedy Appeal

Wright first argues that his constitutional rights have been violated by the excessive delay in providing him with a complete record for his appeal. This delay, he posits, denied him due process and his right to a speedy appeal. The State contends that an appellant has no right to a speedy appeal, and that Wright's due process rights were not violated.

 Initially, we must agree with the State that there is no Sixth Amendment right to a speedy appeal. *Gajdos v. State* (1984), Ind., 462 N.E.2d 1017, 1023. Nonetheless, when a state provides a right to appeal, due process rights must be afforded to the appellant. *Id.* A delay in the appellate process may result in a denial of due process. *Everroad v. State* (1991),

Ind.App., 570 N.E.2d 38, 55, *aff'd in part* (1992), Ind., 590 N.E.2d 567. "However, 'not every delay in the appeal of a case, even an inordinate one, violates due process.'" *Id.* (quoting *Rheuark v. Shaw* (5th Cir.1980), 628 F.2d 297, 303, *cert. denied* 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365).

■ As Wright notes, when determining whether a delay of a prisoner's appeal violates due process, courts generally rely on the four factors articulated by the U.S. Supreme Court in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. *See Everroad, supra,* at 55–56; *Rheuark, supra,* at 303. The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's responsibility to assert his right; and (4) the resulting prejudice to the defendant. *Barker, supra,* at 530–32, 92 S.Ct. at 2192–93, 33 L.Ed.2d at 116–18.

■ The trial court sentenced Wright on April 11, 1988. The record was completed on December 12, 1991, when the trial exhibits were filed. However, for the purpose of determining whether the delay in preparing the record is unconstitutional, the relevant period begins with the praecipe, not sentencing. The praecipe in this case was not filed until October 27, 1989. Thus, the length of the delay in this case is approximately 25½ months, not nearly the four years that Wright suggests.

As for the reasons for the delay, the motions accompanying this case indicate that the court reporter was unable to promptly prepare the record of the proceedings due to a shortage of staff, a congested trial calendar, and for personal reasons (including a death in the family). In fact, the record (*sans* exhibits) was initially filed on July 10, 1990, less than nine months after the filing of the praecipe. Appellant's counsel did not discover that the exhibits from trial had been omitted from the record until September 24, 1990, when she reviewed the record in order to prepare Wright's appellate brief.

After the omission was brought to the attention of the court reporter, a diligent search for the exhibits began. It was first thought that the exhibits had been turned over to a U.S. District Court in connection with a federal action against Wright and his accomplices. After efforts to locate the missing exhibits proved unavailing, Wright's counsel attempted to reconstruct the record pursuant to A.R. 7.2(A)(3)(c), as suggested by this court. On November 25, 1991, Wright petitioned the trial court to approve a statement of the evidence. However, on December 10, 1991, the court reporter discovered the exhibits in a case file for one of Wright's accomplices, and prepared a sworn affidavit to that effect.

While this delay was unfortunate, it does not constitute a due process violation. As the State observes, prosecution of the robbery involved two co-defendants and multiple proceedings in the state and federal court system with exhibits relevant to the defendants in each case. The supplemental record containing the exhibits includes a document indicating that some of the exhibits from the state court action were released to a U.S. attorney for use in the federal case. It is clear that the exhibits themselves were merely misplaced as suggested by the court reporter in her affidavit, and not omitted from the record purposefully. *See Gajdos, supra,* at 1023 (no violation of due process where conduct resulting in delay of appeal was not purposeful or oppressive).

Wright expresses the vague fear that unnamed parties have colluded to deny him his constitutional rights. This fear is totally unfounded. The trial exhibits (including a letter from Wright to bank personnel asking their forgiveness for his participation in the robbery) are so strongly supportive of the guilty verdict that it is inconceivable court personnel would wish to *prevent* a reviewing court from considering these materials.

The State concedes, and we agree, that Wright diligently asserted his right to appeal. However, Wright failed to demonstrate prejudice with respect to the delay. As noted above, Wright initially filed the record less than nine months after filing the praecipe. Wright does not argue that any prejudice resulted from this first delay.

As to the delay in filing the exhibits, Wright demonstrates no prejudice because he makes no argument whatsoever pertaining to the exhibits, such as inadmissibility of a certain exhibit, or that the exhibits supported his defense of intoxication. His sole argument, save those related to the delay in locating the exhibits themselves, is that the trial court erroneously refused an exhibit tendered by the defense (*see* Issue III, *infra*). On this issue, the record was adequate for review when it was first filed in July of 1990. No due process violation occurred in this case.

## II.

### Appellate Review of Exhibits

Wright next argues that this court should not consider the supplemental record containing the exhibits because it was not filed in accordance with our order of June 16, 1991 following the suspension of the appeal. Wright also maintains that, because of the delay, this court cannot be certain that the exhibits are the same as those introduced at his trial. The State contends that we have the inherent power to consider the supplemental record.

 While we agree with Wright that the exhibits were not located or reconstructed within the time specified in our order, under A.R. 7.2(C)(2) we may correct an omission from the record by ordering the trial court to certify and transmit a supplemental record. *See also Clark v. State* (1990), Ind., 562 N.E.2d 11, 13, *cert. denied* —— U.S. ——, 112 S.Ct. 425, 116 L.Ed.2d 445. With regard to Wright's contention that the exhibits may not be those introduced at his trial, we observe that the trial judge, the court reporter, and the clerk of the Cass Superior Court each certified that the exhibits in the supplemental record were in fact those introduced at Wright's trial. Moreover, our review of the record reveals that the testimony offered as foundation for the admission of the exhibits correlates precisely with each exhibit contained in the supplemental record. Lastly, assuming *arguendo* that it is error to review the supplemental record on appeal, Wright would suffer no prejudice, as he has not raised an appealable issue with respect to the exhibits. *See* Issue I, *supra*.

## III.

### Exclusion of Evidence

For the final allegation of error, we resume consideration of an issue raised in our initial opinion. 572 N.E.2d at 534. That issue is whether the trial court erred by refusing to admit a letter written by a defense witness over the State's objection. The State asserts that Wright failed to make an offer to prove so as to preserve the error for appeal, and that regardless, any error in the exclusion of the letter was harmless.

 A trial court ruling excluding evidence will generally be upheld if there is any basis upon which the ruling is correct. *Rohm v. State* (1990), Ind., 558 N.E.2d 1100, *reh'g denied*. The trial court in this case sustained the State's objection to a letter written by Wright's supervisor at Grissom Air Force Base, Senior Master Sergeant Steven Lane. In the letter, Lane expressed his satisfaction with Wright's work, adding that Wright did not let his upcoming trial affect his duties. Lane also mentioned that Wright was remorseful for his participation in the crime. As the State correctly notes, Lane's testimony mirrored the contents of the letter. Therefore, the letter was merely cumulative of Lane's trial testimony. The admission or exclusion of cumulative evidence is within the sound discretion of the trial court. *Taylor v. State* (1984), Ind., 469 N.E.2d 735. It was not error for the trial court to exclude the letter.

The trial court is affirmed.

SHARPNACK and SHIELDS, JJ., concur.