Stuart S. KENNEDY, Appellant,

v.

STATE of Indiana, Appellee.

No. 16C01–8704–CF–45.

Supreme Court of Indiana.

Sept. 16, 1993.

---

J. Richard Kiefer, Kevin P. McGoff, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Judge.

This appeal from the imposition of the death penalty returns to us after the trial court, on remand, resentenced Kennedy to be executed. The issue in this second direct appeal is whether the trial court committed reversible error in sentencing Kennedy to death after the jury recommended against the death penalty. We hold, pursuant to *Martinez Chavez v. State* (1989), Ind., 534 N.E.2d 731, modified on reh'g (1989), Ind., 539 N.E.2d 4, that the facts do not support the trial judge's conclusion that the jury recommendation was unreasonable. Therefore, the trial court's override of the jury's recommendation against death must be reversed.

The facts of this case are set forth in our opinion which affirmed Kennedy's conviction, by jury, of the crimes of murder, felony murder, kidnapping, and robbery. *Kennedy v. State* (1991), Ind., 578 N.E.2d 633, 635–36. At the original sentencing, the trial court imposed the death penalty despite the jury's recommendation against

it. We vacated Kennedy's sentence of death and remanded with instructions to resentence Kennedy in view of our decision in *Martinez Chavez.* In remanding *Kennedy* to the trial court, we discussed the role played by both the court and jury in the Indiana death penalty system. We said:

[T]he trial court as trier of fact must independently determine the existence of aggravators and mitigators, weigh them, consider the recommendation of the jury, and come to a separate conclusion as to whether or not to impose the death penalty. However, when the jury's recommendation is against the penalty of death, it is to be given a special—but not controlling—role in the judge's process, because it represents factual and evaluative determinations with respect to aggravators and mitigators in favor of the defendant following a fair hearing, and because it represents the collective conscience of the community. In such cases, after determining the aggravators and mitigators and assigning each its just weight, and after assigning the recommendation of the jury its considerable weight, the trial court must then determine whether the relative weight of the proven aggravator or aggravators points so clearly to the imposition of the death penalty that the jury's recommendation must be superseded. Nonetheless, and despite the heightened role of the jury recommendation of life, ultimately it is the judge who must make the final sentencing decision.

578 N.E.2d at 637.

Following remand, the trial court resentenced Kennedy to death in a resentencing order which reads as follows:

### RE–SENTENCING ORDER

This case is before the Court for a new sentence determination pursuant to the Indiana Supreme Court's orders of September 19, 1991, and April 10, 1992. Specifically, this Court understands that it should reconsider the death sentence impose[d] here, which was contrary to

the jury's recommendation, in light of the standard set forth in *[Martinez] Chavez v. State* (1989), 314 [534] N.E.2d 731; rehearing denied, 539 N.E.2d 4.

To carry out this assignment, the Court incorporates by reference all findings contained in its sentencing order of March 21, 1988. This Court has reviewed the evidence before it at sentencing, aggravating and mitigating, and finds that the sentence of death imposed against Stuart S. Kennedy was appropriate. The State proved beyond a reasonable doubt that the victim, Michelle Seagraves, was intentionally killed by Kennedy during the commission of a felony. The evidence also showed that the abduction and murder of Michelle Seagraves were unusually calculated and savage. This Court believes that the facts in this case are so clear and convincing that no reasonable person could disagree that Stuart S. Kennedy should be executed for this brutal murder.

In *Chavez, supra,* the Supreme Court vacated a death sentence imposed by the trial court, which sentence was contrary to the jury's recommendation. In its decision, the Supreme Court pointed out that the defendant, Chavez, was an accomplice with the defendant, Rondon. The evidence established that Rondon was the leading personality in the commission of the murder and that Chavez played a secondary role. Under those circumstances, the Supreme Court concluded that reasonable people could differ on the question of whether of [sic] the death penalty was proper.

In contrast to *Chavez,* the role of Stuart S. Kennedy in the murder of Michelle Seagraves was primary. The evidence before the jury was sufficient for them to find beyond a reasonable doubt that it was Kennedy who randomly selected and kidnapped her, confined and transported her from Columbus, Ohio, to a secluded area near Moores Hill, Indiana, and there strangled her, smashed her head with a rock and, finally, shot her in the head with a large caliber firearm which could have been the one found in the gym bag he was using. Kennedy was no bystander. He was the active, leading personality in the torture and murder of Michelle Seagraves.

The jury in this case performed its task admirably but, for whatever reasons, recommended against the death penalty. The Court finds that their recommendation was unreasonable because it was an insufficient response to the defendant's conduct. If any murder warrants the imposition of the death penalty, this case is surely it.

The Court, therefore, re-sentences the defendant, Stuart S. Kennedy, and orders that he be executed in the manner prescribed by law on October 9, 1992, before sunrise.

SO ORDERED this 28th day of April, 1992.

/s/_____
John A. Westhafer, Judge
Decatur Circuit Court

In this appeal, Kennedy argues that the resentencing order is a virtual restatement of the first sentencing order, the only addition being the fourth paragraph which concludes that Kennedy was the primary perpetrator. Kennedy further argues that such additional conclusion is not supported by the evidence. We agree.

The trial court properly held that the evidence before the jury was "sufficient" for them to find, beyond a reasonable doubt, that it was Kennedy who selected, kidnapped, confined, transported and killed the victim and that, therefore, the jury could have recommended the death penalty. However, the jury did not do so. Therefore, in deciding whether to override the jury's recommendation, the role of the trial court was to determine whether the evidence concerning Kennedy's role in the commission of these crimes points "so clearly to the imposition of the death penalty that the jury's recommendation was unreasonable." *Martinez Chavez,* 539 N.E.2d at 5.

In reviewing the evidence in this case, we are not so clearly convinced that Kennedy was either the primary perpetrator or

"leading personality" in the commission of this crime. A review of the evidence reveals that both Kennedy and his cohort, Jackson, participated in the kidnapping, transporting, and murder of Michelle Seagraves. Neither was a bystander. However, the evidence at Kennedy's trial does not clearly prove which, if either, was the primary perpetrator or leading personality in committing these crimes. Although Kennedy and Jackson had separate trials and distinct juries, both juries recommended against the imposition of the death penalty. *Kennedy,* 578 N.E.2d at 636; *Jackson v. State* (1992), Ind., 597 N.E.2d 950. Our review of the evidence available to the jury here causes us to conclude that the jury's recommendation against the extreme penalty of death was not unreasonable.

### Conclusion

Pursuant to the rule of law announced in *Martinez Chavez* and our discussion of that rule of law contained in our earlier opinion, we conclude that the sentence of death must be reversed. This case is remanded to the trial court to impose a term of years.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., dissents with separate opinion in which GIVAN, J., concurs.

GIVAN, J., dissents with separate opinion.

SHEPARD, Chief Justice, dissenting.

Having participated in several dozen death penalty appeals now, I have come to accept that there are important differences among them. A few perpetrators are hapless losers who kill their victims under circumstances barely distinguishable from those in non-capital cases. Other perpetrators are hard and calculating killers who brutalize and dispose of their victims in ways shocking to the mind.

Stuart Kennedy's murder of Michelle Seagraves falls into this latter category, and thus I regret today's decision by this Court.

Michelle Seagraves was a totally innocent victim whom Stuart Kennedy kidnapped because he and Donald Jackson did not want to use Jackson's car to commit bank robbery. Witnesses at trial identified Kennedy as the person who abducted Seagraves from the parking lot of her apartment in Columbus, Ohio, and carried her all the way to Moores Hill, Indiana, for the job at Peoples National Bank.

A pathologist testified that Seagraves had been hit in the head with a blunt instrument, strangled with a flat black strap which was still around her neck at the time of the autopsy, and shot in the back of the neck with the bullet exiting just above her left eye. Death was caused by a combination of the strangulation and the gunshot wound.

Jackson told the police that it was Kennedy who delivered the fatal blows. Kennedy did return to his girlfriend's apartment with a .41 caliber magnum revolver, carrying it in a gym bag she had loaned him. A ballistics expert testified at trial that this revolver could have been the murder weapon.

The prosecution has maintained that Kennedy was the principal actor in the actual killing, although it is plain that Donald Jackson was an active participant in the events of October 9, 1986. This Court noted the probable lesser role of Donald Jackson when it set aside the death penalty in his case and ordered a term of years. *Jackson v. State* (1992), Ind., 597 N.E.2d 950, 955–56.

Setting aside the penalty for Stuart Kennedy demonstrates the correctness of the fear expressed by Deputy Attorney General Arthur Thaddeus Perry during oral argument in this case. If two killers manage to be sufficiently obscure about who rendered the final blow, he said, they may both avoid the death penalty even for the most outrageous killings.

I think it is pretty clear, as we said in *Jackson,* that Stuart Kennedy pulled the trigger and shot Michelle Seagraves in the back of the head. There is no doubt, however, that her murder stands out as especially calculating, premeditated, and utterly without excuse. She was not killed in a

moment of panic, or out of sexual sickness, or during a drug-crazed episode. She was captured hundreds of miles away because two bank robbers wanted a car nobody would recognize and then slaughtered because they thought it was inconvenient to leave behind an eyewitness.

We remanded this case to one of our best trial judges, John A. Westhafer, Jr., "[b]ecause the trial court did not have [the *Martinez–Chavez*] standard available to it when Kennedy was sentenced to death." *Kennedy*, 578 N.E.2d at 637. Judge Westhafer had presided over a very lengthy trial. He heard from thirty witnesses during the death penalty phase alone. Having heard all that evidence and considered twice what sentence would be just, he still concluded that the jury's recommendation was unreasonable: "If any murder warrants the imposition of the death penalty, this case is surely it."

I agree with Judge WESTHAFER, and I would affirm his judgment.

GIVAN, J., concurs.

GIVAN, Justice, dissenting.

I dissented to the original opinion in this case, *Kennedy v. State* (1991), Ind., 578 N.E.2d 633. I did not believe this Court was justified in remanding the case to the trial court for reevaluation of the imposition of the death penalty. On remand the trial judge has restated his reasons, which I believe are sound, for imposing the death penalty.

The evidence in this case supports the fact that Jackson and Kennedy acted in concert from the very beginning of the episode which led to the death of Michelle Seagraves. The trial judge was justified in concluding from the evidence that the concerted plan of the two defendants was the victim's death and that it was accomplished in a brutal and wanton fashion. I believe this Court is unjustified in overriding the trial court's decision.

I would affirm the trial court.