Herbert **WOODEN**, Appellant
(Defendant Below),

v.

**STATE of Indiana,** Appellee
(Plaintiff Below).

No. 49S00–9411–CR–1084.

Supreme Court of Indiana.

Nov. 15, 1995.

---

Walter E. Bravard, Jr., Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana and Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Herbert Wayne Wooden appeals his conviction for rape. We affirm.

Wooden was charged with three crimes against two victims. Two of these crimes were charged in a two-count information that alleged Wooden committed attempted rape as a class A felony,[1] and forced oral sex.[2] In a separate information, the State accused Wooden of raping a different victim. The trial court granted the State's motion to consolidate the three charges into a single, amended information, and a jury trial on all three counts ensued. The State also alleged Wooden was a habitual offender.[3]

The jury acquitted Wooden on the charges of attempted rape and forced oral sex. The jury found Wooden guilty as charged of the rape. It also found Wooden to be a habitual offender. The trial court sentenced Wooden to serve thirty years on his rape conviction and enhanced his sentence by thirty years for his habitual offender status, thereby imposing a sentence of sixty years.

Wooden raises two issues in this direct appeal: (1) whether the evidence was suffi-

---

1. Ind.Code Ann. § 35–41–5–1 (West 1986); Ind. Code Ann. § 35–42–4–1 (West Supp.1993). Rape is a class A felony when it is "committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, or if it results in serious bodily injury to a person other than a defendant." Ind.Code Ann. § 35–42–4–1 (West Supp.1993).

2. Ind.Code Ann. § 35–42–4–2 (West 1986). The offense is a class A felony "if it is committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, or if it results in serious bodily injury to any person other than a defendant." *Id.*

3. Ind.Code Ann. § 35–50–2–8 (West Supp.1994). Wooden had been convicted of two prior unrelated felonies, both class B robberies. R. at 148.

cient to sustain his conviction for rape; and (2) whether he was denied effective assistance of counsel.

### Facts

The evidence most favorable to the verdict shows that Wooden forced D.K. to have intercourse with him against her will on the night of Saturday, May 8, 1993, in the day-care center where Wooden was employed. D.K. met Wooden that evening at her friend Rodney Quick's home before attending a party in Fishers with Quick, a friend named Blean, and Wooden. The party in Fishers was hosted by co-workers of Wooden.

The party began breaking up around midnight. Wooden suggested that he and D.K. go to the day-care center where Wooden worked because the party supposedly would continue there. Wooden and D.K. proceeded to the day-care center. Neither Quick nor Blean joined them.

Wooden and D.K. entered the day-care center through the back door. Appellant told D.K. to wait in the back while he checked up front. He came back and told D.K. that others were partying in the front and the party would move to the back within a few minutes.[4] Appellant then proceeded to snort cocaine. Feeling nervous, D.K. suggested that they join the party up front. As D.K. walked toward the front, Wooden stopped her and told her that he "wanted to be with [her]." D.K. declined, explaining she had just met Wooden and merely wanted to be friends. Wooden then began to question D.K.'s sexual habits. D.K. suggested joining the "others," but Wooden discouraged this attempt. D.K. tried to leave the day-care center, but appellant came up behind her and applied a knife to her stomach.

Wooden forced D.K. to the ground. She pleaded with him not to hurt her. Wooden stripped D.K. and forced her to have intercourse. Thereafter, he let her leave. At home, D.K. immediately confided in her mother what had happened. They went to the hospital, where D.K was interviewed by a police officer a few hours later.

---

4. D.K. never did see any other people at the day-care center, and none of the supposed party-

### I. Sufficiency of the Evidence

■■■ Appellant contends that there is not sufficient evidence to support the verdict. In reviewing a sufficiency of the evidence claim, we affirm the conviction "if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, we find that a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt." *Rohm v. State* (1990), Ind., 558 N.E.2d 1100, 1103 (citations omitted). Furthermore, "a rape conviction may rest solely on the uncorroborated testimony of the victim...." *Id.*

■■■ Essentially, Wooden is asking us to assess the credibility of the witnesses. Wooden argues that because Rodney Quick testified that he, Blean, and D.K. discussed sex while attending the party in Fishers, we should infer that D.K. actually consented to having sex with Wooden. It was the jury's task to assess the victim's version of the events along with the rest of the testimony. The evidence was sufficient for the jury to find Wooden guilty of rape.

### II. Effective Assistance of Counsel

■■■ Appellant claims he was denied effective assistance of counsel in violation of the Sixth Amendment. This Court uses the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to assess such claims. As we said in *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291:

> In order for there to be ineffective assistance, there must be a showing that counsel acted unreasonably. A "strong presumption" exists, however, that counsel rendered adequate legal assistance.... Except in certain situations where prejudice will be presumed, a defendant must affirmatively prove he was prejudiced by his counsel's conduct by showing there is a reasonable probability that, but for the

goers testified at trial.

unprofessional errors, the result of the proceedings would have been different. *Id.* at 1294 (footnote omitted). This test focuses first on any deficiency in counsel's conduct and then on the prejudice caused by it. To prevail, an appellant must prove both elements. *Id.* Apropos of this appeal, "[i]solated mistakes, poor strategy, or bad tactics do not necessarily amount to ineffective assistance of counsel." *Id.* at 1295. *See also Rozika v. State* (1988), Ind., 520 N.E.2d 1267, 1269.

Wooden says his attorney performed deficiently because he did not object to the State's motion to consolidate the three charges into one information. Wooden contends that "his defense trial counsel failed to fully realize the error of agreeing to combine two separate and distinct cases for one trial. After hearing from the two alleged victims, the Jury would undoubtedly feel that [appellant] was necessarily guilty of one of the crimes." Brief of Appellant at 13.

 We are unable to agree with this contention. A review of the record persuades us that counsel engaged in a deliberate strategy decision when he agreed to the State's motion to consolidate. The following exchange is instructive:

> THE COURT: Okay, you have any problem with that, Mr. Ortiz?
> DEFENSE COUNSEL: No, Your Honor.
> THE COURT: Very Good. And Mr. Ortiz, let me again get on the record. You have no objection to both of these cases even though they are two separate incidents occurring at both two separate times—places and time, you have no problem with the State's motion to consolidate, is that correct?
> DEFENSE COUNSEL: No, Your Honor.
> THE COURT: Matter of fact you feel it's in you client's best interests?
> DEFENSE COUNSEL: I believe so. Yes, Your Honor. *We've discussed it*

*and based on the testimony of the last trial I think it* [the joinder] *would be a benefit for*—[sic].

R. at 251–52 (emphasis added). We think it is clear that defense counsel made a calculated decision not to object because he and Wooden believed that joining the two cases for trial would benefit Wooden.[5]

 Moreover, we are not persuaded that appellant was prejudiced by the failure of defense counsel to object to the State's motion to consolidate. The two cases were presented consecutively during trial. We believe the jury was able to evaluate the evidence and render an appropriate verdict as to both cases. Indeed, it acquitted the appellant on two charges, but convicted on just one.

We affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**5.** The case that defense counsel agreed to join with D.K.'s was previously tried and resulted in a hung jury. Defense counsel might reasonably have thought that the introduction of that case could influence the jury's decision in D.K.'s case. Furthermore, we cannot ignore the fact that a conviction in either of these cases would have yielded appellant's third predicate felony for purposes of the habitual offender statute. Therefore, appellant and his counsel may have decided to face just one jury, rather than two, in order to afford the prosecutor just one opportunity to prove him a habitual offender.