**Stuart S. KENNEDY, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 16S00–9508–CR–960.

Supreme Court of Indiana.

Dec. 26, 1996.

J. Richard Kiefer, Kiefer & McGoff, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Arthur Thadeus Perry, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

We affirm the sentence of defendant Stuart S. Kennedy.

### Background

In October 1986, defendant kidnapped a woman from Columbus, Ohio, and took her in her vehicle to Moores Hill, Indiana. The woman was bound, strangled, beaten in the head and shot in the back of the head. Defendant and an accomplice used the victim's car in the robbery of a Moores Hill bank.

Defendant was charged with intentional Murder, Felony Murder–Robbery, Felony Murder–Kidnapping, Robbery and Kidnapping. A jury convicted defendant on all five counts. In its sentencing order, the trial court dealt with the three murder convictions using this language: "Although defendant was charged and convicted of three counts of murder, those counts are merged into a single conviction of murder."

Our court ultimately set aside the death sentence imposed by the trial court and remanded. *Kennedy v. State,* 620 N.E.2d 17 (Ind.1993). The trial court then sentenced the defendant to a total term of one hundred and eighteen years: sixty years enhanced sentence for Murder, eight years for Robbery, and fifty years for Kidnapping, the sentences to run consecutively. Defendant urges us to vacate the judgments, convictions and sentences imposed for Robbery and Kidnapping.

## I

■ Defendant asserts that the trial court violated the Double Jeopardy Clause of the Fifth Amendment made applicable to the states by the Fourteenth Amendment by imposing separate sentences for the offense of murder and the offenses of kidnapping and robbery. Specifically, defendant contends that the trial court's merger of the felony murder-robbery and felony murder-kidnapping convictions with the intentional murder conviction precluded entry of judgment and sentencing on the underlying kidnapping and robbery convictions. Defendant argues, "What the court did was to merge all three murder offenses and then sentence Kennedy to sixty years in prison on the merged murder offense. The sentence imposed thereby represents entry of judgment and conviction on all three murder counts (intentional murder, felony murder-robbery, and felony murder-kidnapping). It is the imposition of judgment and conviction on the felony murder offenses that precludes imposition of judgment and conviction on robbery and kidnapping ..." Appellant's Reply Br. at 2.

■ The Double Jeopardy Clause provides that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause yields three protections: (1) protection from reprosecution for the same offense after an acquittal; (2) protection from reprosecution for the same offense after conviction; and (3) protection from multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

■ For purposes of double jeopardy, this court has long held that a trial court may not convict and sentence a defendant for both murder and felony murder where only one murder occurs. *Martinez Chavez v. State,* 534 N.E.2d 731, 739 (Ind.1989); *James v. State,* 274 Ind. 304, 305, 411 N.E.2d 618, 619 (1980); *Holland v. State,* 265 Ind. 216, 220, 352 N.E.2d 752, 756 (1976). Likewise, a conviction and sentence for both felony murder and the accompanying felony violates double jeopardy because the conviction for murder while in the commission of a felony could not occur without proof of the accompanying felony. *Harris v. Oklahoma,* 433 U.S. 682, 683, 97 S.Ct. 2912, 2913, 53 L.Ed.2d 1054 (1977); *Eddy v. State,* 496 N.E.2d 24, 29 (Ind.1986)(collecting cases); *Mitchell v. State,* 270 Ind. 4, 7, 382 N.E.2d 932, 934 (1978).

■ Although the trial court may not sentence defendant for both the felony murder and accompanying felony, the state and defendant agree that the trial court may sentence defendant for intentional murder, robbery, and kidnapping even when the jury convicts the defendant of felony murder robbery and felony murder kidnapping. *See Moore v. State,* 652 N.E.2d 53 (Ind.1995)(no double jeopardy violation where jury found defendant guilty of intentional murder, felony murder robbery and robbery where trial court entered judgment and sentenced defendant only for intentional murder and robbery). *Accord Bradley v. State,* 649 N.E.2d 100, 102 (Ind.1995); *Harris v. State,* 644 N.E.2d 552, 553 (Ind.1994); *Harden v. State,* 576 N.E.2d 590, 591 (Ind.1991); *Ingram v. State,* 547 N.E.2d 823 (Ind.1989). *See also Swafford v. State,* 498 N.E.2d 1188, 1192 (Ind.1986).

Defendant's argument is that, even though the trial court *could* have sentenced him for intentional murder, robbery, and kidnapping, that is not what the trial court *did.* Rather, defendant argues, the trial court sentenced him "for a single merged offense of murder, which specifically included both felony murder counts. Having done so, the trial court could not also impose judgment, conviction and sentence for the underlying offenses of robbery and kidnapping." Appellant's Br. at 16.

We think that the record reflects the trial judge's intent to sentence defendant for intentional murder, robbery and kidnapping. The three sentencing orders entered by the trial court in this case demonstrate to our satisfaction, by frequent reference to the intentionality of the killing, that defendant's murder sentence was for intentional murder. While the court's language on the merger of the felony murder convictions was not perfectly clear,[1] when read in conjunction with the remainder of the sentencing orders and the clear authority of the trial court in these circumstances to sentence for intentional murder, robbery, and kidnapping, we find it a sufficiently clear statement of the trial court's intent to proceed in sentencing on intentional murder alone.

We conclude that the trial judge imposed an enhanced sentence of sixty (60) years for the crime of intentional murder. Defendant concedes that the trial court can sentence defendant for intentional murder, robbery, and kidnapping. The judgments and sentences do not violate the Double Jeopardy Clause.

### Conclusion

We affirm the trial court's sentence.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

---

1. As noted above, in its original sentencing order (prior to appeal and re-sentencing on remand), the trial court said, "Although defendant was charged and convicted of three counts of murder, those counts are merged into a single conviction of murder." A clearer statement of what we perceive to have happened would have recognized that under these circumstances the two felony murder convictions merge with the intentional murder conviction and vacated the felony murder convictions.