Kristine M. BUNCH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 16S00–9607–CR–486.

Supreme Court of Indiana.

June 9, 1998.

Rehearing Denied Aug. 31, 1998.

Eugene C. Hollander, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

BOEHM, Justice.

Kristine M. Bunch was convicted of felony murder[1] and arson.[2] The trial court imposed concurrent sentences of sixty and fifty years respectively. Bunch's direct appeal presents several issues for our review that we restate as follows:

I. Does Bunch's conviction of felony murder while committing arson require the arson conviction to be vacated?

II. Did Bunch waive any objection to the instruction on motive evidence and the lack of any instruction on circumstantial evidence?

III. Was the evidence sufficient to support the murder conviction?

IV. Was the sentence for murder manifestly unreasonable?

We affirm the murder conviction and sentence and remand with directions to vacate the arson conviction because, as the State concedes, a person cannot be sentenced for both a felony murder and the underlying felony.

### Factual and Procedural History

In the early morning hours of June 30, 1995, a fire destroyed Bunch's manufactured home in Decatur County. Her three-year-old son died as a result of injuries suffered in the blaze. In several statements to police, Bunch asserted that she was awakened in her home by the fire and unsuccessfully tried to extinguish it and rescue the child, but ultimately fled to summon assistance. When emergency crews arrived, the south end of the home, where the boy had been sleeping, was engulfed in flames twenty to thirty feet high. Bunch was outside of the home with several onlookers. As the fire raged out of control, a firefighter entered the home and retrieved Bunch's son from the bedroom. The child was pronounced dead at the scene.[3] Bunch sustained mild burn injuries and was taken to a hospital for medical attention. Within hours, the State's investigation focused on her as the only suspect. Bunch was charged with felony murder and arson and a jury convicted her on both counts. She appeals. This Court has jurisdiction under Indiana Appellate Rule 4(A)(7).

### I. Arson Conviction

Although there is no dispute that Bunch received a sixty-year sentence for murder, the status of the arson conviction and any sentence on that count is unclear from the record. In the sentencing order, the trial court stated that the arson conviction was "merged" into the murder conviction. However, the judgment of conviction shows an entry of conviction on each count. At the sentencing hearing, the court stated: "These sentences are merged so it will be a single

---

1. IND.CODE § 35–42–1–1(2) (1993) (killing another human being while committing or attempting to commit arson).

2. IND.CODE § 35–43–1–1(a)(2) (1993). The arson conviction was elevated to a Class A felony for "serious bodily injury to any person other than a defendant."

3. We are directed to nothing in the record stating whether Bunch's son was alive when he was removed from the home. The forensic pathologist who conducted the autopsy testified that the child's body was "completely charred" and that he likely died from smoke inhalation.

sentence of sixty years." Yet the abstract of judgment indicates concurrent sentences of sixty years for murder and fifty years for arson and the sentencing order includes fifty years for arson despite stating that the arson conviction was merged into the murder conviction. The trial court may have intended to vacate the arson conviction, but the record remains susceptible to the conclusion that Bunch stands convicted of arson and was given a concurrent fifty-year sentence.

Bunch argues that it was error to impose any sentence for arson because the arson was the underlying felony supporting the felony murder conviction. Separate punishment for arson under these circumstances, she claims, is a second punishment for the same offense in violation of her federal double jeopardy rights. The State concedes this point. *See, e.g., Kennedy v. State*, 674 N.E.2d 966, 967 (Ind.1996) (citing inter alia *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977)). Accordingly, this case will be remanded to the trial court with directions to vacate the arson conviction.

## II. Challenges to Jury Instructions

■ Bunch argues that the trial court erred in instructing the jury that the State was not required to prove a motive for the crime. She maintains that this instruction "improperly shifted the State's burden of proof," without explaining how the instruction had that effect. This claim of error is waived because Bunch failed to object to the instruction at trial. Ind.Crim. Rule 8(B). In any event, this instruction was not error because the State was not required to prove a motive for the charged offenses. IND.CODE §§ 35–42–1–1(2) & 35–43–1–1(a)(2) (1993).

■ Bunch next contends that the trial court erred in not instructing the jury on circumstantial evidence. Specifically, she argues that the jury should have been told that to convict based on circumstantial evidence, every reasonable hypothesis of innocence must be excluded beyond a reasonable doubt. No instruction to that effect was requested and Bunch did not object when the court failed to give one sua sponte. This ordinarily results in waiver of the issue. *Sanchez v. State*, 675 N.E.2d 306, 308–09 (Ind.1996). Bunch tries to overcome procedural default

by asserting that the court's omission rises to the level of "fundamental error." We rejected precisely the same argument recently in *Whatley v. State*, 685 N.E.2d 48, 49–50 (Ind. 1997) with respect to instructing the jury on circumstantial evidence. *See also Galbraith v. State*, 468 N.E.2d 575, 579–80 (Ind.Ct.App. 1984) (in prosecution for arson, failure to instruct jury sua sponte on circumstantial evidence was not fundamental error). Accordingly, the issue is waived.

## III. Sufficiency of the Evidence

■ Bunch maintains that there was insufficient evidence to support her conviction of felony murder. When reviewing a sufficiency of the evidence claim, we will affirm the trial court if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Wooden v. State*, 657 N.E.2d 109, 111 (Ind.1995). In challenging the sufficiency of the evidence here, Bunch makes three major points: (1) the State failed to prove a motive for the crime; (2) the evidence was entirely circumstantial; and (3) her expert's testimony as to possible causes of the fire and Bunch's pretrial statements were consistent with a finding of innocence.[4] None presents any basis for reversal. We have already addressed the first point and, as Bunch concedes, the State was entitled to base its case entirely on circumstantial evidence. *Gambill v. State*, 675 N.E.2d 668, 674 (Ind.1996). Reviewing courts do not reweigh testimony in determining whether the evidence was legally sufficient. *Wooden*, 657 N.E.2d at 111.

■ Bunch not surprisingly does not focus on the evidence supporting the verdict. Forensic tests showed the presence of a "heavy petroleum distillate," of the same type as kerosene, diesel fuel, or charcoal starter, in several places in the home. Liquid accelerant burn patterns scarred the bedroom where the child was found and the living room. A "burn through" spot on the floor in the bedroom indicated possible high levels of accelerant near the child's bed. Bunch's burns were consistent with a brief but direct exposure to a flame; the jury

---

4. The statements Bunch gave to police were admitted at trial. She did not testify.

could have found that her injuries were caused by setting the fire with accelerant. During his rescue effort, the firefighter who found Bunch's son had to crawl over an "obstruction," possibly a chair, to get through the bedroom doorway.[5] The jury could have concluded from this testimony that the child's only means of possible escape (excluding windows) had been deliberately blocked. In sum, several key facts, taken together, pointed to Bunch as the cause of the fire and excluded anyone else: (1) Bunch's admitted presence in the home when the fire started; (2) the lack of any claim of forced entry; and (3) the strong indications inside the home of a deliberate scheme to commit arson and trap Bunch's son in the bedroom. Bunch contends there was no showing that she bought accelerant, poured it, ignited it, or otherwise started the fire. This is not fatal to the State's case. "Arson is almost always subject to proof only by circumstantial evidence," *Barton v. State,* 490 N.E.2d 317, 318 (Ind.1986), and we have upheld arson convictions under similar facts. *Id. See also White v. State,* 269 Ind. 479, 381 N.E.2d 481 (1978). Culpability for felony murder was established once the jury concluded that Bunch set the fire because her son died in the fire. *See, e.g., Sheckles v. State,* 501 N.E.2d 1053, 1056 (Ind.1986). The felony murder conviction was supported by sufficient evidence.

## IV.  Reasonableness of the Sentence

The State initially sought life without parole for the charge. The jury unanimously recommended against life without parole and the trial court imposed the maximum term of sixty years. Bunch contends this sentence was excessive. This Court "will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). We recently reiterated that this review is very deferential to the trial court: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Prowell v. State,* 687 N.E.2d 563, 568 (Ind.1997), *peti-*

*tion for cert. filed,* 67 U.S.L.W. 3232 (U.S. May 26, 1998) (No. 97–9215). Bunch lists several factors that she says militated in favor of a lesser sentence: (1) the evidence of guilt was circumstantial; (2) she had no prior offenses; (3) she was a "good mother"; and (4) she was injured in the fire. Bunch also asserts that the court failed to articulate how it balanced the aggravating and mitigating factors and "inappropriate[ly]" relied on the presentence report.

These provide no grounds for revising the sentence. As it was entitled to do, the trial court considered Bunch's lack of prior criminal history but declined to accord it significant weight. *Kingery v. State,* 659 N.E.2d 490, 498 (Ind.1995). And the trial court is not required to regard the defendant's evidence as mitigating simply because the defendant does. *Id.* Finally, we are directed to nothing indicating any reliance on the presentence report, much less unreasonable reliance. Upholding the decision to impose the maximum sentence for murder here requires little discussion. The trial court found Bunch's crime to be "a violation of probably the most sacred trust that exists ... that between a parent and a child." Her son, only three years old, was murdered by the person in whom he placed his greatest trust to be protected from harm. The trial court's conclusion that these factors outweighed any mitigating evidence is amply supported by the record and easily meets the requirement that specific reasons be given when imposing an enhanced sentence. *See, e.g., Jones v. State,* 600 N.E.2d 544, 548 (Ind.1992).

### Conclusion

The murder conviction and sentence are affirmed. This case is remanded with directions to vacate the arson conviction.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

5. There was testimony that the bedroom door had been taken off its hinges at some point before the fire, possibly to make room to move furniture out of the bedroom. The door was not on its hinges when the fire occurred.