STATE of Indiana, Appellant
(Plaintiff Below),

v.

MONTICELLO DEVELOPERS, INC.,
d/b/a Pro Care Development Center,
Appellee (Defendant Below).

No. 18S02–8711–CR–1099.

Supreme Court of Indiana.

Nov. 25, 1987.

Linley E. Pearson, Atty. Gen., Michael Schaefer, Deputy Atty. Gen., Indianapolis, for appellant.

Marcus C. Emery, Bowman, Tucker & Emery, Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellee.

SHEPARD, Chief Justice.

■ The question is whether granting a defendant judgment on the evidence after a jury has found him guilty precludes re-entry of a conviction after an appellate decision that the motion was wrongly granted. We conclude that doing so is prohibited by double jeopardy.

The State charged appellee Monticello Developers, Inc., with neglecting a dependent, as a class D felony, Ind.Code § 35–46–1–4 (Burns 1982 Supp.). A jury found Monticello guilty of criminal recklessness, as a class B misdemeanor, Ind. Code § 35–42–2–2 (Burns 1982 Supp.). Afterward, the trial court entered a judgment on the evidence for Monticello under Trial Rule 50(B), Ind.Rules of Procedure, saying that "there was a total lack of probative evidence sufficient to support a criminal conviction."

The Court of Appeals held that there was probative evidence on each element of the offense and reversed. Rejecting appellee's other allegations of error, it instructed the trial court to enter a judgment of convic-

tion and proceed to sentence Monticello. *State v. Monticello Developers, Inc.* (1987), Ind.App., 502 N.E.2d 927. We grant transfer to consider whether the defendant may be convicted and sentenced.

When a criminal defendant is acquitted, the State is authorized to appeal reserved questions of law under Ind.Code § 35–38–4–2. Though these questions are sometimes moot, this Court has frequently accepted such appeals in deference to the statute enacted by the General Assembly as a way to furnish guidance to the trial courts in future cases. *State v. Rinehart* (1960), 241 Ind. 129, 170 N.E.2d 236.

 Whether double jeopardy permits the State to try a defendant again after a successful appeal by the prosecution depends upon the basis of the trial court's judgment. When the prosecution seeks review of a judgment rendered by the trial court which arose from matters outside the evidence which was before the jury, double jeopardy does not foreclose subsequent entry of a judgment of conviction. Thus, when a jury finds the defendant guilty and the district court later enters a dismissal on grounds of pre-indictment delay, double jeopardy does not bar an appeal by the government. *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). A successful appeal by the prosecution would permit reinstatement of the jury's verdict. *Arizona v. Rumsey,* 467 U.S. 203, 211–212, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164, 172 (1984).

 By contrast, a judgment entered by the trial court based on the evidence adduced at trial, even one entered after a jury verdict of guilty, has been regarded as an acquittal. *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). The important factor is not when the court entered judgment but the basis upon which it did so. The judgment of a court which has evaluated the prosecution's evidence and found it legally insufficient is an acquittal for double jeopardy purposes. *United States v. Scott,* 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65, 78 (1978).

A successful appeal by the State of such a judgment cannot lead to re-entry of a conviction, however, because the double jeopardy provisions of the Fifth Amendment prohibit it. *Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986); *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023.

We grant transfer and affirm the trial court's judgment in favor of Monticello, even though it was erroneously entered. In that respect, we conclude that the Court of Appeals is correct and we otherwise adopt its opinion. Appellate Rule 11(B)(3), Ind.Rules of Procedure.

DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., dissents without opinion.