**STATE of Indiana, Appellant
(Plaintiff Below),**

**v.**

**MONTICELLO DEVELOPERS, INC.,
d/b/a Pro Care Development Center,
Appellee (Defendant Below).**

No. 18S02–8711–CR–1099.

Supreme Court of Indiana.

Sept. 2, 1988.

Linley E. Pearson, Atty. Gen., Michael Schaefer, Deputy Atty. Gen., Indianapolis, for appellant.

Marcus C. Emery, Bowman, Tucker & Emery, Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellee Monticello Developers, Inc. was tried before a jury, which returned a guilty verdict. The trial court granted Monticello's post-verdict motion for judgment on the evidence and entered judgment for defendant. On the State's appeal, the Court of Appeals reversed because that the trial court had applied an incorrect legal standard in granting judgment on the evidence. It found that the jury's verdict was supported by sufficient evidence, and remanded the case for reinstatement of the jury's verdict. *State v. Monticello Developers, Inc.* (1987), Ind.App., 502 N.E.2d 927.

On transfer, this Court determined that the trial court's judgment, though erroneous, was an acquittal on the evidence and that re-entry of the conviction was barred by the double jeopardy clause. *State v. Monticello Developers, Inc.* (1987), Ind., 515 N.E.2d 1070. While we reaffirm the conclusion that the trial court's erroneous judgment was an acquittal, the State's petition for rehearing has caused us to re-examine the ultimate disposition of this case.

The State cites several United States Supreme Court cases in support of its contention that remand does not constitute double jeopardy because Monticello would not be exposed to a second trial. Remand would merely involve reinstatement of the jury's verdict. The Supreme Court cases are not directly on point, however, because that Court has never decided a case involving an acquittal on the evidence following a jury verdict of guilty.

The State cites *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), the only case to consider the double jeopardy effects of a post-verdict judgment. After the jury returned a verdict of guilty, judgment was entered for Wilson because of prejudicial pre-indictment delay. While the Court found no double jeopardy violation in the appeal[1], there was no acquittal on the evidence. The proceedings

---

1. Double jeopardy is a jurisdictional question in federal courts. Governmental appeals "where the double jeopardy clause of the United States Constitution prohibits further prosecution" are statutorily excluded from federal jurisdiction. 18 U.S.C. § 3731 (1985).

were terminated on grounds unrelated to factual guilt or innocence. *See also United States v. Scott*, 437 U.S. 82, 98–99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65, 71 (1978).

*Wilson* does not control in this case because the judgment here was entered on the trial court's conclusion that the evidence did not support a conviction. The proceedings were not terminated on a legal claim but on grounds directly related to the defendant's guilt or innocence.

The Supreme Court has consistently found double jeopardy violations on governmental appeals from an acquittal on the evidence. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). These double jeopardy violations occurred, however, in cases where no jury verdict had been returned. *See id.; Arizona v. Rumsey*, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984); *United States v. Martin Linen Supply*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Thus, the Supreme Court has not been confronted with a case involving both a post-verdict acquittal on the evidence and a prior jury verdict.

Our survey of federal circuits reveals that several have addressed cases in which the government has appealed an acquittal on the evidence following a jury verdict of guilty. In these cases, the circuits concluded that the double jeopardy clause does not bar appeal where reversal of the lower court order would not subject the defendant to a new trial but would result only in reinstating the jury's verdict. *United States v. Cardenas*, 748 F.2d 1015, 1023 (5th Cir.1984); *United States v. Dixon*, 658 F.2d 181, 187 (3rd Cir.1981); *United States v. Brandon*, 633 F.2d 773, 778–779 (9th Cir.1980); *United States v. Woodruff*, 600 F.2d 174, 175 (8th Cir.1979); *United States v. Forcellati*, 610 F.2d 25, 29 (1st Cir.1979), *cert. denied*, 445 U.S. 944, 100 S.Ct. 1342, 63 L.Ed.2d 778.

The conclusion reached by the circuits is consistent with the purpose of the double jeopardy clause, which is primarily "directed at the threat of multiple prosecutions...." *Wilson*, 420 U.S. at 342, 95 S.Ct. at 1021, 43 L.Ed.2d at 241. "The

underlying idea ... is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957).

Here, the State would not be afforded another opportunity to prove its case against Monticello. Because of the existing jury verdict, a second trial is not necessary. Monticello argues that appellate review of the sufficiency of the evidence constitutes exposure to further fact-finding. A review of a trial court decision does not violate the double jeopardy clause. Factual findings are not made, as the reviewing court is limited to a review of the record. *Dixon*, 658 F.2d at 188.

Because Monticello will not be exposed to a second trial or further fact-finding proceedings of any kind, remand of the case for sentencing on the jury's verdict does not violate the double jeopardy clause. Because the appeal does not seek review on issues of fact but only on the legal question of sufficiency, the State may seek review and remedy under Ind. Code § 35–38–4–2.

We grant the State's petition for rehearing and remand to the trial court to enter judgment on the jury verdict of guilty and proceed accordingly.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

Upon taking a second look at this case, I must also confess error. I overlooked the preliminary issue, identified in appellee's reply in opposition to petition for rehearing, of the State's authority to bring this appeal

Appeals by the State are strictly limited to those authorized by statute. *State v. Holland* (1980), 273 Ind. 284, 403 N.E.2d 832. *State v. Sierp* (1973), 260 Ind. 57, 292 N.E.2d 245. The applicable statute is I.C. § 35-38-4-2 which reads as follows:

"Sec. 2. Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:

(1) From an order granting a motion to dismiss an indictment or information.

(2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

(3) From an order granting a motion to correct errors.

(4) Upon a question reserved by the state, if the defendant is acquitted.

(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

(6) From any interlocutory order...."

Subsection (4) appears to be the only provision which might be applicable. However, the record does not reflect any attempt by the State to reserve this or any other question for appeal. Even if the State had correctly attempted to reserve the question of the correctness of the trial court's granting of judgment on the evidence pursuant to T.R. 50(B), that decision does not fall within the confines of appealable decisions as it is not a question of law. *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023; *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691. As a unanimous court held in *State v. Harner* (1983), Ind., 450 N.E.2d 1005:

"The purpose of the statute permitting appeals on questions reserved by the state is to obtain from this Court opinions of law which shall declare a rule for the guidance of lower courts on questions likely again to arise in the trial of criminal prosecutions. This Court does not review questions of fact where the finding is for the defendant.

\* \* \* \* \* \*

In this case, the record shows that defendant presented a defense of self-defense and the appropriate instructions on lesser included offenses had to be determined by the trial court after considering the specific facts of the case. The law does not authorize this Court to review the facts and pronounce an opinion upon them. Therefore, there is nothing on this issue for us to review."

*Id.* at 1006.

Likewise, in the case before us, there is no appropriate question of law presented for review. The trial court granted a 50(B) motion for judgment on the evidence following a jury verdict finding the defendant guilty of criminal recklessness. That decision by the trial court was based upon the facts presented during trial. A review by this court of the evidence, to determine whether or not it supported the trial judge's conclusion, is unwarranted and unauthorized. As the United States Supreme Court observed in *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978):

"a defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged'" [quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)]

*Scott, supra*, 437 U.S., at 97, 98 S.Ct., at 2197.

The trial judge made just such a factual determination in this case and that serves as an acquittal not subject to appeal. While the federal courts may permit re-entry of the jury verdict of guilty following an erroneous action by the trial judge, those courts are not bound by the statutory and procedural guidelines controlling in Indiana. On a federal level, congress has removed all previously existing statutory barriers to government appeals and such appeals are allowed unless barred by the

Double Jeopardy Clause of the Constitution. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). Indiana still adheres to statutory limitations for appeal and this case is determined thereby.

I would still affirm the judgment of the trial court in favor of Monticello.