STATE of Indiana, Appellant–
Plaintiff Below,

v.

Stan SPRINGER, Appellee–
Defendant Below.

No. 32A05–9104–CR–00121 [1].

Court of Appeals of Indiana,
Third District.

Jan. 21, 1992.

Transfer Denied March 19, 1992.

1. This case has been diverted to this office by order of the Chief Judge.

Linley E. Pearson, Atty. Gen. of Indiana and Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

Thomas W. Farlow and Robert W. Wright, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

STATON, Judge.

Pursuant to IND.CODE 35–38–4–2(1), the State of Indiana appeals an order granting Stan Springer's motion to dismiss the indictment against him. Two (restated) issues are presented for our review:

I.  Whether the trial court erroneously found the Neglect of a Dependent Statute [IND.CODE 35–46–1–4] inapplicable to health care providers.

II.  Whether the trial court erroneously found the indictment against Springer insufficient.

Springer requests our consideration of an additional issue:

III.  Whether I.C. 35–46–1–4, as applied to health care providers, is unconstitutionally vague or overbroad?

We reverse.

On August 10, 1989, Willard Flory, a Cardinal Healthcare resident, was admitted to Hendricks County Hospital in Danville, Indiana. Flory was afflicted with conjunc-

tivitis and tremors of undetermined origin. Flory's eyes were matted shut and maggots were discovered under one of Flory's toenails. On March 14, 1990, a grand jury indicted Stan Springer, the administrator of Cardinal Healthcare, charging neglect of a dependent.

Upon motion by Springer, the trial court dismissed the indictment on January 2, 1991:

> Trial court judges may not legislate. The intent of the Indiana Offenses Against the Family Law—Neglect of a Dependent is to protect *children.*

> The legislature had an opportunity to make the law applicable to the health care providers and did not.

> The Indictments handed up in this case fail to meet the legal tests set out above and are void for vagueness because the *defendants* must guess the acts the State deems criminal and must be dismissed. The health care industry is highly regulated by Indiana Administrative agencies.

> The Court *grants* Defendants' Motion to Dismiss the Indictments.

Record, p. 99.

This appeal ensued.

## I.

### Applicability of Neglect Statute to Health Care Providers

I.C. 35–46–1–4 provides in pertinent part: A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally:

(1) Places the dependent in a situation that may endanger his life or health; ... commits neglect of a dependent, a class D felony....

IND.CODE 35–46–1–1 defines a "dependent" as:

(1) An unemancipated person who is under eighteen [18] years of age; or

(2) A person of any age who is mentally or physically disabled.

The State contends that I.C. 35–46–1–4 is clear, unambiguous, and requires no additional narrowing judicial interpretation.[2] The State argues that Springer is a "person having the care of a dependent" and thus clearly within the purview of I.C. 35–46–1–4. Springer replies that the trial court properly construed the foregoing statute as applicable only to caregivers having a parental or *in loco parentis* relationship with a dependent. He argues that no relationship supporting liability under I.C. 35–46–1–4 was established between himself and Flory, as Flory was not a "dependent" as defined in I.C. 35–46–1–1.

■ Words appearing in a statute will be given their plain and ordinary meaning unless a different meaning is manifested. Where statutory language is clear and unambiguous, courts may not substitute language which they believe the legislature intended. *Herbert v. State* (1985), Ind. App., 484 N.E.2d 68, 70. No technical meaning is invoked by the phrase "person having the care of a dependent" appearing in I.C. 35–46–1–4. The plain and ordinary meaning of the term "person" may be ascribed to it. Moreover, the term "dependent" is clearly defined in I.C. 35–46–1–1, and may refer to an adult as well as a child. Therefore, the trial court's attempt to substitute the term "child" for "dependent" and Springer's attempt to substitute the term "parent" for "person" are inappropriate.

■ Springer suggests that we determine, as a matter of law, that Flory could not be his "dependent." Springer argues that the issue of Flory's competence has never been adjudicated, and that neither he or any other person acts as Flory's court-appointed guardian. In *Bean v. State* (1984), Ind., 460 N.E.2d 936, *reh. denied,* an appellant claimed he could not be convicted of neglect of a dependent because the adult victim had no legal dependency

---

**2.** The State acknowledges that our supreme court, in *State v. Downey* (1985), Ind., 476 N.E.2d 121, *reh. denied,* judicially interpreted the phrase "may endanger" in the neglect statute and construed the statute as applicable only to situations that actually endanger the life or health of a dependent. *Id.* at 123.

relationship to him. Our supreme court rejected this claim, stating:

> The statute, however, clearly provides that one who has the *care, custody,* or *control* of a dependent may be held liable for acts that constitute neglect of a dependent. A dependent is defined as: '(1) [a]n unemancipated person who is under eighteen [18] years of age; or (2) a person of any age who is mentally or physically disabled.' Ind.Code § 35–46–1–1 (Burns Repl.1979). There is no requirement in Ind.Code § 35–46–1–4 that the person charged with the crime be the legal guardian or natural parent of the child or incompetent adult.

*Id.* at 942.

■ Springer's argument that Flory was not his (or any other person's) "dependent" presents a question of fact for the jury. *Kerlin v. State* (1991), Ind.App., 573 N.E.2d 445, 448, *reh. denied; trans. pending.*

■ We are also unpersuaded by Springer's argument that I.C. 35–46–1–4 cannot reasonably be applicable to the instant circumstances because other statutes are specifically directed to the protection of adults in residential health care facilities. *See State v. Monticello Developers, Inc.* (1987), Ind., 515 N.E.2d 1070, *reh. granted* 527 N.E.2d 1111 (neglect statute applicable to adult intermediate care facility personnel); *Kerlin, supra,* (involving the same underlying facts as the instant case).

## II.

### *Sufficiency of Indictment*

■ The grand jury indictment against Springer charged that he:

> having the care of a dependent, whether assumed voluntarily or because of a legal obligation, knowingly or intentionally placed the dependent, to-wit: Willard Flory, in a situation that endangered his life or health, thereby committing Neglect of a Dependent, a Class D Felony, contrary to the form of the statute as set

forth in I.C. 35–46–1–4(a)(1) and against the peace and dignity of the State of Indiana.

Record, p. 7.

An identical indictment was returned against Joseph Kerlin, the medical director of Cardinal Healthcare.[3] In *Kerlin, supra,* this court rejected Kerlin's argument that the indictment alleging neglect of Flory was insufficient:

> Kerlin argues the indictments fail to advise him of the particular crime. Usually, if an information tracks the language of the statute defining the offense, the information is sufficient. *Malone v. State* (1989), Ind.App., 547 N.E.2d 1101, 1103, *trans. denied.* Absence of detail in an information is fatal only if the phraseology misleads the defendant or fails to give him notice of the charges against him. *Cash v. State* (1990), Ind., 557 N.E.2d 1023, 1025.... The language of the indictments closely track the language of the statute. Kerlin complains, though, that the indictments do not state the facts and circumstances which endangered the victims and require speculation as to what facts constitute the proscribed conduct by Kerlin. This same argument regarding the neglect statute failed in *Davis v. State* (1985), Ind.App., 476 N.E.2d 127, 132, *trans. denied,* (citations omitted). As in *Davis,* both indictments specified the date and place of the alleged offense and identified Kerlin and the victims by name in language paralleling the statute. The indictments contained the statutory language specifying the particular act of 'placing the dependent in a situation endangering his life or health.' When the statutory language enumerates the specific acts which constitute the crime, an indictment paralleling the words of the statute is sufficient. *Davis,* 476 N.E.2d at 132. Further description of the injury or methods employed in committing the crime are unnecessary. *Id.* We find

3. A second indictment against Kerlin concerned neglect of Virginia Meredith. The Meredith indictment was subsequently dismissed.

both indictments are sufficient to inform Kerlin of the charges against him.

*Id.* at 448.

In accordance with the standard enunciated in *Davis, supra,* and *Kerlin, supra,* the indictment returned against Springer was sufficient to inform Springer of the charges against him.

### III.

*Constitutionality of I.C. 35–46–1–4 As Applied to Health Care Providers*

 Finally, Springer argues that I.C. 35–46–1–4 is unconstitutionally vague and overbroad as applied to him. The challenges of vagueness and overbreadth were considered in the companion case of *Kerlin, supra.* This court stated, in pertinent part:

> Kerlin contends the statute is vague because it may be applied to proscribe alleged negligent medical care. . . . A statute is not unconstitutionally vague if persons of ordinary intelligence would comprehend it to adequately inform them of the proscribed conduct. (Citation omitted) An itemized list presenting each item of prohibited conduct in the statute is unnecessary. . . . No reasonable person of ordinary intelligence would have difficulty determining that failure to give necessary or proper medical care is proscribed by the statute. Therefore, we do not find the neglect statute is vague.
>
> Kerlin also contends the statute is overbroad as applied to him. . . . Kerlin presents arguments that application of the statute to health and medical care professionals would result in reluctance by the medical profession to provide care to nursing home residents. Such arguments are better addressed to the legislature and do not constitute sufficient argument to overcome the presumption that the statute is constitutional. Kerlin fails to establish that the statute 'forbids conduct in terms so vague that persons of ordinary intelligence must necessarily guess at the statute's meaning and differ

as to its application' or that the statute is overbroad.

*Id.* at 447–48.

Springer argues that the State's theory of endangerment is less clear in his case than in Kerlin's case, because Kerlin directly provided medical services while Springer fulfilled an administrative role. We conclude, however, that Springer was not placed in a position of having to guess as to the conduct proscribed by the neglect statute. Reasonable persons of ordinary intelligence would be able to determine that the neglect statute encompasses the failure to *obtain* necessary medical attention for a dependent, where the caregiver/custodian is not qualified to render medical services directly.

The judgment of the trial court dismissing the indictment against Springer is reversed.

RATLIFF, C.J., and GARRARD, J., concur.