**Larry D. THAMES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–9410–CR–428.**

Court of Appeals of Indiana.

July 24, 1995.

Belle T. Choate, Indianapolis, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Christopher L. LaFuse, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

CHEZEM, Judge.

*Case Summary*

Defendant–Appellant, Larry Thames ("Thames"), appeals from his conviction for Neglect of a Dependent, a class D felony. We affirm.

*Issue*

Thames presents one issue for our review: whether there was sufficient evidence to support his conviction.

*Facts and Procedural History*

Thames was left during the day to care for A.L., his girlfriend's five-year old child. He left the child alone. She wandered out of her home and was eventually taken to the police department. Additional facts will be supplied as necessary.

*Discussion and Decision*

■ Thames was convicted of Neglect of a Dependent, I.C. § 35–46–1–4(a)(1): "A person having the care of a dependent ... who knowingly or intentionally: (1) places the dependent in a situation that may endanger his life or health ... commits neglect of a dependent, a class D felony." ' Thames argues there is insufficient evidence to prove he knowingly or intentionally placed A.L. in a situation that would endanger her life or health. In reviewing a challenge to the sufficiency of the evidence, we will neither reweigh the evidence nor judge the witnesses' credibility. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

■ A person knowingly commits neglect of a child when he is subjectively aware of a high probability that he placed the child in a dangerous situation. *Hill v. State* (1989), Ind.App., 535 N.E.2d 153. A.L.'s mother testified that she left A.L. in the care of Thames while she was at work. A.L. testified that she was home alone with Thames and when she awoke from her nap, Thames was not in the home. Thames told the police that he was two streets over helping someone move furniture. A.L. was found wandering the street at approximately 1:30 p.m. and Thames did not return home until 4:00 p.m. Thames was experienced at watching children and thus should have been subjectively aware of a high probability that he placed A.L. in a dangerous situation by leaving her at home alone.

Affirmed.

RILEY, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The law as enunciated in *Bean v. State* (1984) Ind., 460 N.E.2d 936, and subsequent cases separates the victim's status as a dependent *of someone* from the neglect perpetrated by a third person.[1] For this reason, I concur.

The traditional analysis of neglect and dependency focused upon the parent-child, child-parent relationship, or at a minimum upon a *loco parentis* relationship, e.g., a guardian. *See* Dirk William de Roos *Dependency and Neglect: Indiana's Definitional Confusion* 45 Ind.L.J. 606 (1970). It did not embrace temporary custodians such as babysitters.

In any event, it seems that the law would be better served by criminalizing the conduct of persons who neglect children and disabled or elderly persons placed in their care. To couch the crime in terms of dependency implies criminal conduct on the part of the person upon whom the victim is truly dependent, i.e., parent or guardian. As presently construed a person totally unaware of the status of the victim as a dependent of *someone* may be adjudged guilty. Conversely, one who mistreats an unfortunate who is not a legal dependent of a parent, child or guardian may not be held answerable for neglect. The definitional dilemma might be solved by elimination of the concept of dependency from the neglect statute. *See* de Roos, *supra* at 614. Instead the focus should remain upon a responsibility owed to the victim, whether imposed by law or voluntarily assumed.

---

1. Cases following this rationale digress from the concept of dependency and focus upon voluntarily assumed responsibility for the care of the "dependent". *Dowler v. State* (1989) Ind., 547 N.E.2d 1069 (baby-sitter); *State v. Springer* (1992) 3d Dist.Ind.App., 585 N.E.2d 27 (administrator of health care provider); *Shoup v. State* (1991) 2d Dist.Ind.App., 570 N.E.2d 1298 (step-father); *Hill v. State* (1989) 2d Dist.Ind.App., 535 N.E.2d 153 (baby-sitter).