Shannon S. TAFLINGER, Sr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A05–9702–CR–68.

Court of Appeals of Indiana.

July 16, 1998.

A. Luis Ortiz, Ortiz & Associates, P.C., Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RUCKER, Judge.

Appellant–Defendant Shannon S. Taflinger, Sr. ("Taflinger") appeals his conviction of Neglect of a Dependent Causing Serious Bodily Injury. He raises one issue for review which we rephrase as whether Taflinger's sentencing on a previously dismissed conviction violates the prohibition against double jeopardy. We conclude that it does not and therefore affirm.

The facts reveal that on October 29, 1993 Taflinger was convicted of attempted murder and neglect of a dependent child. The convictions arose out of Taflinger's conduct in violently shaking his then six-week-old son rendering him brain dead. At sentencing, Taflinger moved for directed verdict or to set aside the neglect conviction on double jeopardy grounds. In response the State agreed that the prohibition against double jeopardy required merger of the attempted murder conviction with the neglect of a dependent conviction for purposes of sentencing. However, rather than request the court to merge the two convictions, the prosecutor instead moved to dismiss the neglect conviction. Taflinger responded that he had no objection to the State's motion. The trial court then granted the motion and sentenced Taflinger to thirty years on the attempted murder conviction only.

On appeal to this court Taflinger's conviction was reversed because of fundamental error with respect to the attempted murder instruction. *See Taflinger v. State*, No. 34A05–9402–CR–63, 651 N.E.2d 358 (June 19, 1995). More specifically, we reversed because the jury had not been instructed that the defendant must have entertained the specific intent to kill when he engaged in the conduct constituting a substantial step toward the crime of murder. *Id.* On remand apparently there was no effort made to retry Taflinger on the attempted murder charge. Rather, on November 2, 1995 the State filed an Information again charging Taflinger with neglect of a dependant child. Thereafter on August 13, 1996 the State filed a motion to reinstate the previously dismissed neglect conviction. The trial court granted the motion, and after conducting a sentencing hearing the trial court sentenced Taflinger to fifteen years imprisonment on the neglect conviction. This appeal followed.

▮ The sole issue presented for our review is whether the trial court violated the prohibition against double jeopardy by imposing sentence on a verdict that had been previously dismissed. The Double Jeopardy Clause provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause yields three protections: (1) protection from reprosecution for the same offense after an acquittal; (2) protection from reprosecution for the same offense after conviction; and (3) protection from multiple punishments for the same offense. *Kennedy v. State*, 674 N.E.2d 966, 967 (Ind.1996) *citing North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In this case there is no question presented concerning multiple punishments. Rather, Taflinger contends that he is being twice prosecuted. However, as we discuss below Taflinger is not being subjected to reprosecution, rather he is being subjected to resentencing.[1]

▮ We first observe that at the initial sentencing hearing the trial court properly

---

1. The State apparently considered reprosecuting Taflinger by virtue of its refiling an information alleging neglect of a dependant. However, that approach was abandoned in favor of the State filing a motion to reinstate the previously dismissed charge.

dismissed Taflinger's conviction for neglect of a dependant. As charged, the offense was a factually included lesser offense of attempted murder.[2] It is true a defendant may be *charged and tried* with greater and lesser included offenses under the same indictment or information. *Redman v. State*, 679 N.E.2d 927, 929 (Ind.Ct.App.1997), *trans. denied.* However, a defendant may not be *convicted and sentenced* upon the lesser offense when a sentence is imposed also upon the greater offense. *Mason v. State*, 532 N.E.2d 1169, 1172 (Ind.1989) ( holding as "inappropriate" the trial court's "merger" of a lesser offense into a greater offense for purposes of sentencing). Where a defendant is found guilty of both the greater offense and the lesser included offense "the trial court's proper procedure is to vacate the conviction of the included offense." *Redman*, 679 N.E.2d at 932. The trial court followed that procedure here.

■ It is clear that where a defendant's conviction is reversed on appeal, under some circumstance the defendant can be resentenced after retrial without violating the prohibition against double jeopardy. *See, e.g. Warner v. State*, 579 N.E.2d 1307, 1311 (Ind. 1991) ("Though double jeopardy bars retrial in cases of reversal for insufficient evidence, it does not bar retrial in cases of reversal for trial error."); *Hastings v. State*, 560 N.E.2d 664, 670 (Ind.Ct.App.1990), *trans. denied,* ("[t]he general rule is that retrial of the defendant is permissible when the conviction is reversed on grounds other than sufficiency of the evidence."). More to the point, where a defendant has been previously convicted and the conviction has been set aside or vacated by the trial court, the defendant may be later sentenced without there existing a double jeopardy violation. *See, e.g. State v. Haines*, 545 N.E.2d 834, 835 n. 4 (Ind.Ct. App.1989), *trans. denied,* (ordering reinstatement of jury verdicts after trial court vacated them noting "[w]e observe *sua sponte* that reinstatement of the jury's verdict is not barred by double jeopardy principles.").

In *State v. Monticello Developers, Inc.*, 502 N.E.2d 927 (Ind.Ct.App.1987) (*Monticello I* ), *vacated by,* 515 N.E.2d 1070 (Ind.1987) the defendant, an intermediate care facility, was charged with neglect of a dependant as a Class D felony. After a trial by jury the defendant was convicted of criminal recklessness as a lesser included offense. On motion by the defendant, the trial court entered judgment on the evidence in the defendant's favor. The State appealed to this court. We reversed and instructed the trial court to enter judgment of conviction and proceed to sentencing. On transfer our supreme court held that although the trial court's judgment was erroneous, the judgment nonetheless was an acquittal on the evidence and thus re-entry of the conviction was barred by the double jeopardy clause. *State v. Monticello Developers, Inc.*, 515 N.E.2d 1070 (Ind.1987)(*Monticello II* ), *vacated by,* 527 N.E.2d 1111 (Ind.1988). Thereafter, on petition for rehearing the supreme court remanded the case to the trial court "to enter judgment on the jury verdict of guilty and proceed accordingly." *State v. Monticello Developers, Inc.*, 527 N.E.2d 1111, 1112 (Ind.

---

**2.** As charged, the neglect of a dependant offense was a factually included lesser offense of attempted murder. · In pertinent part the Information alleging attempted murder stated:

"That on or about the 15th day of March, 1993, at the County of Howard, State of Indiana, Shannon Taflinger, Sr., late of said County, did then and there attempt to commit a crime, to wit: murder, by knowingly or intentionally engaging in conduct that constituted a substantial step toward the knowing or intentional killing of another human being, to wit: by violently shaking Shannon Taflinger, Jr., d/o/b 1/29/93, age six (6) weeks, causing retinal hemorrhaging and intracranial hemorrhaging and bleeding, rendering the child's brain and brain activity dysfunctional...." R. at 333.

The Information alleging neglect of a dependant stated:

"That on or about the 15th day of March, 1993, at the County of Howard, and State of Indiana, Shannon Taflinger, Sr., late of said County, a person having the care of a dependent, to wit: Shannon Taflinger, Jr., d/o/b 1/29/93, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally placed Shannon Taflinger, Jr. in a situation that may have endangered his life or health, to wit: by violently shaking Shannon Taflinger, Jr., causing serious bodily injury, to wit: retinal hemorrhaging and intracranial hemorrhaging and bleeding...." R. at 335.

**328**

1988) (*Monticello III* ). In so doing the court relied on federal authority for the proposition that the purpose of the double jeopardy clause is "primarily 'directed at the threat of multiple prosecutions ....'" [citation omitted] *Id. quoting United States v. Wilson,* 420 U.S. 332, 342, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232, 241 (1975). The court continued:

> The underlying idea ... is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Monticello III,* at 1112 *quoting Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957). The court noted that in the case before it the State would not have another opportunity to prove its case. That was so because the existing jury verdict made a second trial unnecessary. *Id.* The same rationale is applicable here. By reinstating the jury's verdict of guilty and sentencing Taflinger accordingly, the trial court was not affording the State another opportunity to prove its case. The State had already convicted Taflinger in a jury trial of neglect of a dependent child causing serious bodily injury. He was merely resentenced on a jury verdict that had been previously dismissed. Because Taflinger was not threatened with nor subject to a reprosecution there was no double jeopardy bar.

Judgment affirmed.

SHARPNACK, C.J., and STATON, J., concur.