**Michael E. JOHNSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0909–CR–908.

Court of Appeals of Indiana.

April 29, 2010.

Transfer Denied July 30, 2010.

Timothy J. O'Connor, O'Connor & Auersch, Indianapolis, IN, for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Michael E. Johnson appeals his conviction for Failure to Register as a Sex Offender, as a Class C felony, following a bench trial. Johnson presents a single dispositive issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

In 1994, Johnson was convicted of rape, as a Class B felony. Upon his release from prison, Johnson was required to register as a sex offender. And, because he was classified as a sexually violent predator, Johnson was required to register with law enforcement and have his photograph taken every ninety days. *See* Ind.Code § 11–8–8–14(b). Further, Johnson was required to notify law enforcement of any changes in residence within seventy-two

hours of moving. *See* Ind.Code § 11–8–8–11.

On October 13, 2008, Johnson reported in person to the Marion County Sheriff's Department to report a change in his address. Johnson listed his new address as 2245 Kenwood in Indianapolis. In November, Johnson moved to North Carolina, and in January 2009, Johnson moved to Tennessee. Johnson did not notify law enforcement that he had moved out of state.

On March 23, 2009, Johnson was visiting a friend at 602 N. Livingston in Indianapolis when he was arrested for failure to register as a sex offender. The State charged Johnson with three counts of failure to register as a sex offender, as Class D felonies. In particular, Count I charged Johnson with failing to update his registration and have his photograph taken every ninety days. Count II charged Johnson with failing to update his address within seventy-two hours after changing his address. And Count III charged Johnson with failing to reside at the address where he was registered. Following a bench trial, the trial court found Johnson guilty on all three counts. But the trial court entered judgment of conviction only on the first count, which was enhanced to a Class C felony because of a prior conviction. Johnson was sentenced to two years executed. This appeal ensued.

## DISCUSSION AND DECISION

Johnson contends that the State presented insufficient evidence to support his conviction. When reviewing the claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State,* 783

N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

■ To prove failure to register as a sex offender, the State was required to prove that Johnson, having been convicted of rape and having a duty to register as a sex offender, knowingly and intentionally failed to register with the proper law enforcement authority. *See* Ind.Code § 11–8–8–17. On appeal, Johnson challenges the sufficiency of the evidence with regard to Counts I, II, and III. We agree with Johnson that the evidence does not support his conviction on Count I, failure to update his registration every ninety days.

Indiana Code Section 11–8–8–7 provides in relevant part that "the following persons must register under" Chapter 8: a sex offender who resides in Indiana; a sex offender who works or carries on a vocation in Indiana; and a sex offender who is enrolled or intends to be enrolled in any educational institution in Indiana. Therefore, Johnson was only required to register with the local law enforcement authority ninety days after his registration in October 2008, if he was an Indiana resident, went to school in Indiana, or worked in Indiana. *See* Ind.Code § 11–8–8–7. Because the State did not present evidence showing that Johnson resided, worked, or attended school in Indiana ninety days after October 2008, he was not required to register at that time, and we reverse Johnson's conviction on Count I.[1]

---

1. The State argues that Johnson was required to continue to register every ninety days at his last known address until he notified the local law enforcement authority of his move out of state. But the State has not supported that

■ However, as the State correctly points out, we have the authority to reinstate one of the other two vacated counts on which the trial court found Johnson guilty if the evidence is sufficient to support it. *See Taflinger v. State*, 698 N.E.2d 325, 328 (Ind.Ct.App.1998). We hold that the evidence is sufficient to support Johnson's guilt with regard to Count II, namely, that Johnson failed to notify law enforcement of his change of address within seventy-two hours of moving.

Indiana Code Section 11–8–8–11(a) provides in relevant part that if a sex offender who is required to register under this chapter changes his principal residence address, he shall report in person to the local law enforcement authority having jurisdiction over his current principal address [2] not more than seventy-two hours after the address change. That statute further provides that if a sex offender moves his residence to a new state, the local law enforcement authority shall inform the state police in the new state of the sex offender's new place of residence. *Id.*

Here, at trial, the State presented evidence that Johnson did not notify the proper law enforcement authority of his move out of state within seventy-two hours of that move. Indeed, Johnson admitted that fact when he testified. However, Johnson maintains that he was not required to notify law enforcement of his move out of state. Johnson avers that the statute requires only that he "report in person" to the local law enforcement authority and, he contends, the State did not prove that he did not so report.

Typically, we apply the express language of a statute in its construction. *In re J.Q.*, 836 N.E.2d 961, 965 (Ind.Ct.App. 2005). But where the language of a stat-ute is susceptible to more than one reasonable construction, we must construe it to give effect to the legislature's intent. *Id.* We examine the statute as a whole, with the presumption that the legislature intended the language used in the statute be applied logically and not to bring about an unjust or absurd result. *Id.*

Indiana Code Section 11–8–8–11 does not expressly state that a sex offender is required to notify law enforcement regarding a change in address when he moves out of state. It merely states that the sex offender "shall report in person" within seventy-two hours if he changes his principal residence address. *Id.* However, subsection (e) of the statute requires the local law enforcement authority to inform the state police in the new state of the sex offender's new place of residence. The only way to read the statute as a whole and avoid an absurd result is to read it to require that the sex offender notify the local law enforcement authority having jurisdiction over the sex offender at his current principal address of his move out of state and his new address. *See In re J.Q.*, 836 N.E.2d at 965. Only then can the local law enforcement authority comply with subsection (e) and notify the state police in the new state.

Here, again, the State presented evidence that Johnson did not notify the law enforcement authority of his move out of Indiana within seventy-two hours. Accordingly, the evidence is sufficient to support his conviction for failure to register as a sex offender, as a Class C felony, under Count II. We remand to the trial court with instructions to vacate the conviction on Count I, to reinstate the vacated conviction on Count II, and to sentence Johnson

contention with citations to relevant authority.

**2.** His current principal address would be the address from which he is moving.

accordingly, with credit to be given for time served on the vacated conviction.

Reversed and remanded with instructions.

VAIDIK, J., and BROWN, J., concur.

**J.J., Appellant–Respondent,**