

**FILED**
Jul 23 2014, 10:15 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WILLIE L. MONTGOMERY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) |
| | ) No. 82A05-1401-CR-34 |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

INTERLOCUTORY APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Carl A. Heldt, Senior Judge
The Honorable Kelli Fink, Magistrate
Cause No. 82C01-1207-FD-916

**July 23, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this interlocutory appeal, appellant-defendant Willie Montgomery challenges the trial court's denial of his motion to dismiss the charge of Failure to Register as a Sex or Violent Offender[1] in Vanderburgh County. Montgomery argues that the trial court erred in dismissing his motion because he had already been prosecuted for failing to register as a sex offender in Pike County. More particularly, Montgomery contends that prosecuting him for failing to register in both counties is barred under Indiana Code section 35-34-1-4(a)(7) and violates double jeopardy principles. We find that the charge in question is not barred under Indiana Code section 35-34-1-4(a)(7) and does not violate double jeopardy principles. We remand to the trial court for trial.

## FACTS

On November 5, 2010, Montgomery was convicted of sexual battery. As a result of this conviction, Montgomery was required to register as a sex offender. On November 8, 2011, he registered as a sex offender with the Pike County Sheriff's Office.

On July 6, 2012, Indiana State Police Sergeant Detectives Marty Metzger and Tim Keller drove to Montgomery's registered address to ensure compliance. However, when they arrived, Montgomery's parents informed the officers that Montgomery had moved out of the home. They told the officers that Montgomery had moved in with his girlfriend, Gabrielle Evans, who lived in Vanderburgh County.

---

[1] Ind. Code § 11-8-8-17(a).

The officers then went to Evans's residence, where they verified that Montgomery was living with Evans. Montgomery admitted that he had failed to register as a sex offender in Vanderburgh County and that he had not changed his principal address in Pike County.

On July 18, 2012, Montgomery was charged with failure to register in Pike County. The following day, July 19, 2012, Montgomery was charged with failure to register in Vanderburgh County. Montgomery pleaded guilty to failing to register in Pike County on October 3, 2012. On March 6, 2013, he filed a motion to dismiss the charge of failing to register in Vanderburgh County, arguing that the prosecution in Vanderburgh County was barred by a previous prosecution pursuant to Indiana Code 35-34-1-4(a)(7) and the Fifth Amendment to the Constitution. On April 16, 2013, the trial court denied Montgomery's motion after holding a hearing on the matter.

On April 19, 2013, Montgomery filed a motion to certify for interlocutory appeal in the trial court, and the trial court granted the motion that same day.[2] On January 19, 2014, Montgomery renewed his motion to dismiss and motion to certify for interlocutory appeal in the trial court; the trial court denied the motion to dismiss and granted the motion to certify for interlocutory appeal that same day. This Court accepted jurisdiction over the interlocutory appeal on February 24, 2014.

---

[2] Montgomery's first interlocutory appeal was dismissed by this Court because he failed to seek the interlocutory appeal as a discretionary appeal under Appellate Rule 14(B). See Montgomery v. State, No. 82A-1305-CR-246, memo op. (Ind. Ct. App. Dec 9, 2013).

## DISCUSSION AND DECISION

### I. Standard of Review

We review a ruling on a motion to dismiss for an abuse of discretion. Ingram v. State, 760 N.E.2d 615, 618 (Ind. Ct. App. 2001). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Weis v. State, 825 N.E.2d 896, 900 (Ind. Ct. App. 2005).

However, as Montgomery's arguments require interpretation of the failure to register statute, our review of this question of law is de novo. Houston v. State, 898 N.E.2d 358, 361 (Ind. Ct. App. 2008). When reviewing a matter de novo, we owe no deference to the trial court's legal conclusions. Kibbev v. State, 733 N.E.2d 991, 995 (Ind. Ct. App. 2000).

### II. Montgomery's Claim

Montgomery argues that the trial court erred when it denied his motion to dismiss because a plain reading of Indiana Code section 11-8-8-11(a) in conjunction with Indiana Code section 11-8-8-17 creates a single duty for a sex offender to register with the appropriate law enforcement officials when moving between counties in Indiana. Therefore, Montgomery contends he can only be guilty of one offense.

Montgomery, as a sex or violent offender, was required to register pursuant to Indiana Code section 11-8-8-7. When he moved to Vanderburgh County, Indiana Code

4

section 11-8-8-11(a)[3] required him to report to officials in Pike County and in Vanderburgh County. That section provides:

> (a) If a sex or violent offender who is required to register under this chapter changes:
>
>> (1) principal residence address; or
>>
>> (2) if section 7(a)(2) or 7(a)(3) of this chapter applies, the place where the sex or violent offender stays in Indiana;
>
> the sex or violent offender shall report in person to the local law enforcement authority having jurisdiction over the sex or violent offender's current principal address or location and, if the offender moves to a new county in Indiana, to the local law enforcement authority having jurisdiction over the sex or violent offender's new principal address or location not more than seventy-two (72) hours after the address change.

I.C. § 11-8-8-11(a).

When Montgomery failed to register as required, he was charged under Indiana Code section 11-8-8-17(a), which states:

> (a) A sex or violent offender who knowingly or intentionally:
>
>> (1) fails to register when required to register under this chapter;
>> (2) fails to register in every location where the sex or violent offender is required to register under this chapter;
>> (3) makes a material misstatement or omission while registering as a sex or violent offender under this chapter;
>> (4) fails to register in person as required under this chapter; or
>> (5) does not reside at the sex or violent offender's registered address or location;
>
> commits a Class D felony.

---

[3] Indiana Code section 11-8-8-11 was amended in 2013, but the statutory language under analysis in this case was not affected.

5

Montgomery was charged under section 11-8-8-17(a) in Pike County and in Vanderburgh County.

As noted above, Montgomery argues that there is a single duty for a sex offender to register with the appropriate law enforcement officials when moving and asserts that he can be guilty of only one offense.

However, Montgomery's interpretation does not comport with our reading of Indiana Code section 11-8-8-17(a). There are two duties here, one for a sex offender to reside at his registered address in Pike County and one to register as a sex offender in Vanderburgh County. Montgomery is guilty of two divisible offenses. Therefore, he could fulfill or omit one duty without fulfilling or omitting the other. As such, we cannot find that Montgomery was charged twice with the same offense for the same act. Rather, we conclude that he was properly charged twice for two separate offenses.

Montgomery also argues that the prosecution in Vanderburgh County was barred by a previous prosecution pursuant to Indiana Code section 35-34-1-4(a)(7). Indiana Code section 35-34-1-4(a)(7) allows the trial court to dismiss an indictment or information if "the prosecution is barred by reason of a previous prosecution." However, as noted above, Montgomery was properly prosecuted for two separate offenses. Therefore, prosecution in Vanderburgh County was not barred.

Finally, Montgomery argues that a subsequent prosecution in Vanderburgh County would violate double jeopardy principles.

6

Article I, section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Two or more offenses are the same offense if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Richardson, 717 N.E.2d at 49. The first aspect of this analysis is the statutory elements test, which identifies and compares the essential statutory elements of the challenged crimes to determine if each offense contains at least one element that is separate and distinct from the other. Id. at 50.

Under the actual evidence test, the defendant must show a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. Id. at 53. However, Indiana's Double Jeopardy Clause "is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002).

First, we conclude that Montgomery's charge in Vanderburgh County does not violate double jeopardy principles under the statutory elements test. Montgomery was charged with two separate violations of Indiana Code section 11-8-8-17(a). In order to prove the violation in Pike County, the State had to show that Montgomery 1) was a registered sex or violent offender, 2) who knowingly or intentionally, 3) did not reside at the sex or violent offender's registered address or location. I.C. § 11-8-8-17(a)(5);

7

Appellant's App. p. 33. On the other hand, in order to prove the violation in Vanderburgh County, the State was required to prove that Montgomery 1) was a registered sex or violent offender, 2) who knowingly or intentionally, 3) failed to register when required. I.C. § 11-8-8-17(a)(1); Appellant's App. p. 16. Under these circumstances, we cannot say Montgomery's charge in Vanderburgh County violated the statutory elements test.

As regards the actual evidence test, as noted above, Montgomery was charged with two counts of failing to register under Indiana Code section 11-8-8-17(a). However, different evidence would be required to prove each charge because the charges were the result of two divisible omissions. More particularly, in Pike County the prosecution would have been required to prove that Montgomery did not live at his registered address, and in Vanderburgh County the prosecution would be required to prove that Montgomery did not register in Vanderburgh County. In light of these circumstances, we cannot say that there was a double jeopardy violation.

We remand this case to the trial court for trial.

BARNES, J., and CRONE, J., concur.