

FILED
Nov 06 2015, 11:00 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jill M. Acklin
McGrath, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy W. Moore, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 6, 2015 <br><br> Court of Appeals Case No. <br> 29A02-1507-CR-866 <br><br> Appeal from the Hamilton <br> Superior Court <br><br> The Honorable J. Richard <br> Campbell, Judge <br><br> Trial Court Cause No. <br> 29D04-1403-FD-2198 |

**Najam, Judge.**

## Statement of the Case

Timothy W. Moore appeals his conviction for failure to register as a sex offender, as a Class D felony, following a jury trial. Moore presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

Following his conviction for child molesting in 2007, Moore registered as a sex offender with the Hamilton County Sheriff's Department. As a registrant, Moore was required to check in with the Sheriff's Department annually, and he was subject to random home visits by law enforcement. Moore was also required to notify the Sheriff's Department of any address changes. When he moved to another residence within Hamilton County in 2010, Moore notified the Sheriff's Department of the move. However, after Moore was evicted from that residence, Moore moved to Kentucky in March 2014 without notifying the Sheriff's Department.

On March 12, 2014, Hamilton County Sheriff's Detective Kija Ireland, who had performed random home visits at Moore's residence, observed that Moore's mobile home was gone from the property where he had lived. Detective Ireland discovered that Moore had moved to Kentucky without notifying the Sheriff's Department.[1] Accordingly, the State charged Moore

---

[1] Moore presented evidence that he had moved from that residence to Kentucky on March 11, 2014.

with failure to register as a sex offender, as a Class D felony. A jury found him guilty as charged. The trial court entered judgment and sentence accordingly. This appeal ensued.

## Discussion and Decision

[4] Moore contends that the State presented insufficient evidence to support his conviction. Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

[5] To convict Moore of failure to register as a sex offender, as a Class D felony, the State was required to prove that, on or about March 12, 2014, Moore was a sex offender required to register under Indiana Code Chapter 11-8-8 and that he knowingly did not reside at his registered address. Ind. Code § 11-8-8-17(a)(5) (2013). On appeal, Moore contends that "the Indiana statutory scheme that implements a requirement to register applies [to] individuals who have specific, particular ties to Indiana[.]" Appellant's Br. at 7. And he maintains that,

[h]ere, the State did not establish that Moore was an Indiana resident on March 12, 2014. In fact, the undisputed evidence in the record is that Moore had moved to Kentucky on March 11, 2014. . . . Put simply, on March 12, 2014—the date that the State charged and argued as the pertinent date during closing argument—Moore was no longer a resident of Indiana. As such, per Indiana Code [Section] 11-8-8-7(a), Moore was no longer required to register on the Indiana Registry.

Appellant's Br. at 8.

[6] Moore's argument on appeal misses the mark. Indiana Code Section 11-8-8-7(a) governs who is required to register as a sex offender in Indiana. There is no dispute that Moore complied with that statute when he registered as a sex offender following his 2007 child molesting conviction. The question presented here is whether Moore violated Indiana Code Section 11-8-8-17(a)(5), which requires a sex offender to reside at his registered address. *See Montgomery v. State*, 14 N.E.3d 76, 79 (Ind. Ct. App. 2014). Moore does not dispute the evidence showing that he did not reside at his registered address on March 12, 2014. Moore's obligation to comply with Indiana's sex offender registry statutes did not cease because he moved out of state.[2] Indeed, Moore was required to notify the Hamilton County Sheriff's Department of his move to Kentucky within seventy-two hours of the move. I.C. § 11-8-8-11 (2013);

---

[2] Indiana Code Section 11-8-8-19 provides that a sex offender is required to register under Chapter 8 until the expiration of ten years after the date he is released from a penal facility, placed in a community transition or community corrections program, placed on parole, or placed on probation for the sex offense requiring registration, whichever occurs last. Moore makes no contention that the term of his registration requirement had expired as of March 2014.

*Johnson v. State*, 925 N.E.2d 793, 795 (Ind. Ct. App. 2010) (holding evidence sufficient to convict defendant of failure to register as a sex offender when he moved out of state without notifying local law enforcement), *trans. denied*. The State presented sufficient evidence to prove that Moore failed to register as a sex offender pursuant to Indiana Code Section 11-8-8-17(a)(5), as charged.

[7]     Affirmed.

Kirsch, J., and Barnes, J., concur.